### PARMALEE v. COMMERCIAL TRAVELERS MUT. ACC. ASS'N OF AMERICA.

#### No. 14121.

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1953.

Robert G. Young and T. J. Blackwell, Miami, Fla., for appellant.

James A. Dixon, Miami, Fla., Dixon, De-Jarnette & Bradford, Miami, Fla., of counsel, for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

The certificate of insurance sued upon in this case was delivered by mail in the State of Kentucky in 1936 to the assured, then a resident of that state, who, thereafter in 1946 or 1947, moved to Florida and there

---

resided until his death in 1951. Service of the complaint was had only upon the Insurance Commissioner of the State of Florida by virtue of the assumed authority of the Florida Unauthorized Insurers Process Act of 1949.[1]

Under our ruling in Parmalee v. Iowa State Traveling Men's Association, 5 Cir., 206 F.2d 518, the certificate not being delivered in Florida to a Florida resident, subsequent to the effective date of the Florida statute referred to, the suit to enforce it does not come within the provisions of the statute. Accordingly, the order of the trial court quashing the service of process because not authorized by the statute, though based upon other grounds which we do not examine, nevertheless accomplished a correct result. No reversible error appears.

Judgment affirmed.

1. Florida Statutes, § 625.28 et seq., F.S.A.