**Lulu B. McGEE, Appellant,**

v.

**INTERNATIONAL LIFE INSURANCE COMPANY, Appellee.**

No. 12942.

Court of Civil Appeals of Texas. Galveston.

March 8, 1956.

Rehearing Denied March 29, 1956.

Mandell & Wright and Herman Wright, Houston, for appellant.

Yancy, Sterrett & Miller and Sam L. Sterrett, Jr., Houston, Hornsby, Kirk & Johnson, and Stanley Hornsby, Austin, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by appellant, seeking to enforce, by judgment, a default judgment rendered in her favor, and against the appellee by the Superior Court of the State of California, in and for the City and County of San Francisco. This case was tried before the court without a jury upon an agreed statement of the facts, at the conclusion of which judgment was rendered in favor of appellee. This action by the court is the basis for appellant's one point of error. Both litigants agree that the sole question to be determined is whether the California court acquired jurisdiction over the person of appellee, within the due process requirement of Section 1 of the Fourteenth Amendment to the Constitution of the United States, sufficient to render the default judgment sued upon. We are of the opinion that appellant's point is not well taken and must be overruled.

The undisputed material facts are as follows: Appellee, a Texas corporation domiciled in the City of Austin, Texas, on September 1, 1948, entered into an agreement with the Empire Mutual Life Insurance Company of Arizona, an Arizona corporation, in Arizona, to reinsure the policies of insurance issued by the Arizona corporation. Among such policies was one insur-

ing Lowell Stepp Franklin against accidental death. His mother, appellant here, was named beneficiary in the policy. Both the insured and the beneficiary were residents of California. Appellee mailed, from its home office in Austin, a reinsurance certificate to Lowell Stepp Franklin. Thereafter premium notices were mailed by appellee from its home office, to the policyholder in California by United States mail, and premium payments were mailed by the policyholder in California and received by appellee in Texas. The parties have stipulated that neither before nor after September 1, 1948, did Empire Mutual Life Insurance Company of Arizona, or appellee herein maintain an office of any nature whatsoever in the State of California; nor did either of such companies have or maintain an agent or sales personnel in California; nor did either of such companies actually appoint any officer of the State of California as an agent of any nature for service of citation or for any other purpose; nor has either of such companies, or any agents or employees of either company, ever been served, within the State of California, with summons and complaint in any court proceeding. The stipulation is silent as to any business activity within the State of California carried on by either company, except as above set forth. Lowell Stepp Franklin died in California on December 1, 1950. Appellant made claim against appellee for the proceeds of the policy. This claim was refused by appellee for reasons not here material. Appellant instituted suit in the California court, and complied with the provisions of an act of the California Legislature entitled the Unauthorized Insurers Process Act, West's Ann.Ins.Code, § 1610 et seq. After service as provided for in that act, and default on the part of appellee, judgment favorable to appellant was rendered by the California court on October 16, 1951. It is upon that judgment that the present suit is based.

The California "Unauthorized Insurers Process Act" became effective on the 1st day of October, 1949. The provisions of the act which are material to this litigation are contained in Sections 1610 to 1613, inclusive, and are as follows:

"§ 1610. Any of the acts described in Section 1611, when effected in this State, by mail or otherwise, by a foreign or alien insurer which is nonadmitted at the time of the solicitation, insurance or delivery by it of contracts of insurance to residents of, or to corporations authorized to do business in, this State, is equivalent to and shall constitute an appointment by such insurer of the commissioner and his successor or successors in office to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contracts of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer.

"§ 1611. The acts referred to in Section 1610 are:

"(1) The issuance or delivery to residents of, or to corporations authorized to do business in, this State of contracts of insurance insuring (a) the lives or persons or residents of this State physically present herein at the time of such issuance or delivery or (b) property or operations located in this State.

"(2) The solicitation of applications for such contracts.

"(3) The collection of premiums, membership fees, assessments or other considerations for such contracts.

"(4) Any other transaction of business arising out of such contracts.

"§ 1612. Such service of process may be made by delivering to and leaving with the commissioner or some person in apparent charge of his office two copies thereof. The Commissioner shall forthwith mail by registered mail one of the copies of such process to the defendant at its last known principal place of business, and shall keep a record of all process so served upon him.

"§ 1613. Such service of process in the manner provided in Section 1612 is valid and sufficient, and gives jurisdiction over the person of such insurer, provided notice of such service and a copy of the process are sent within ten days thereafter by registered mail by plaintiff or plaintiff's attorney to the defendant at its last known principal place of business, and the defendant's receipt, or receipt issued by the post office with which the letter is registered, showing the name of the sender of the letter and the name and address of the person to whom the letter is addressed, and the affidadavit of the plaintiff or plaintiff's attorney showing a compliance herewith are filed with the clerk of the court in which such action is pending on or before the date the defendant is required to appear, or within such further time as the court may allow."

No contention is made that appellant did comply with the applicable requirements of the California Act. The sole question is whether that compliance constitutes due process when applied to the undisputed facts in this record.

It should be noted that the policy sued on in the California court was in force prior to the effective date of the "Unauthorized Insurers Process Act" of that State. We note that fact because it has been held to be determinative of the rights of the litigants in the only authorities to which our attention has been directed, wherein, in similar litigation, the validity of process obtained under the provisions of similar legislative enactments has been the subject of judicial decision.

In the case of Parmalee v. Iowa State Traveling Men's Ass'n, 5 Cir., 206 F.2d 518, 523, 44 A.L.R.2d 410, the court had under consideration the Florida Unauthorized Insurers Process Act, F.S.A. § 625.28 et seq., which is similar, in all material respects, to the California statute here involved. The court's conclusions as to the controlling effect of the fact which we have noted above is disclosed by the following language from the opinion: "Furthermore, as a regulatory law it plainly can be given no effect which will impose, retroactively, the provisions of the statute upon unauthorized insurers having policies in force prior to the enactment of the statute. These distinctions are not hypothetical, but are substantial, in the proper application of the statute. They mark the line between due process and unauthorized state action."

In Parmalee v. Commercial Travelers Mut. Acc. Ass'n of America, 5 Cir., 206 F.2d 523, 524, the following language is employed: "Under our ruling in Parmalee v. Iowa State Traveling Men's Association, 5 Cir., 206 F.2d 518 [44 A.L.R.2d 410], the certificate not being delivered in Florida to a Florida resident, subsequent to the effective date of the Florida statute referred to, the suit to enforce it does not come within the provisions of the statute. Accordingly, the order of the trial court quashing the service of process because not authorized by the statute, though based upon other grounds which we do not examine, nevertheless accomplished a correct result. No reversible error appears."

Again, in Berg v. Commercial Travelers Mutual Accident Association of America, Utica, New York, 5 Cir., 207 F.2d 775, the same court uses the following language: "The material facts in this case are the same in substance as those in Parmalee v. Commercial Travelers Mutual Accident Association of America, 5 Cir., 206 F.2d 523 decided Aug. 6, 1953.

"The judgment appealed from is, therefore, affirmed on the authority of that case."

Appellant attacks the rationale of the decision of the CCA 5th Circuit upon the proposition that that court erroneously designated the statute there involved as a "regulatory law" whereas it is a "procedural" law. Whatever that court may have designated the statute, there can be no doubt but that the court was concerned with the question of due process. And further, there can be no doubt but that under analogous factual situations, that court has thrice held compliance with similar statutes not to constitute due process. We rest our

decision of the present case upon that authority.

We do not consider Travelers Health Ass'n v. Commonwealth of Virginia, 339 U.S. 643, 70 S.Ct. 927, 932, 94 L.Ed. 1154, relied upon by appellant, to be either factually analogous to, or legally applicable to the present case. That case was a proceeding by the Commonwealth of Virginia at the relation of the State Corporation Commission. The Commission entered a cease and desist order enjoining the Travelers Health Ass'n from doing certain acts without a permit or authorization from the Commission. The Supreme Court of Virginia upheld the order of the Commission. Jurisdiction over the person of the Travelers Health Ass'n was obtained, both by the Commission and the court by service by registered mail under the provisions of a statute similar in its operative effect to the California statute here involved. The United States Supreme Court had before it the Constitutional question of whether such service violated the requirement of due process. Mr. Justice Black wrote the court's opinion upholding the jurisdiction of the Virginia court. Four members of the court concurred in the opinion and four dissented therefrom. Among those concurring was Mr. Justice Douglas, who wrote a separate concurring opinion. In it, he used the following language: "Since the formula adopted by the Court is adequate to dispose of this case, I have joined in the opinion. But I feel that the type of problem presented requires a more selective treatment. Hence my separate opinion.

\*  \*  \*  \*  \*  \*

"The requirements of due process do not, in my opinion, preclude the extension of Virginia's regulatory scheme to appellant. I put to one side the case where a policy-holder seeks to sue the out-of-state company in Virginia. His ability to sue is not necessarily the measure of Virginia's power to regulate, \* \* \*."

Four members of the court joined in a dissenting opinion written by Mr. Justice Minton, wherein the following language is employed: "An in personam judgment cannot be based upon service by registered letter on a nonresident corporation or a natural person, neither of whom has ever been within the State of Virginia. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Old Wayne Mutual Life Ass'n of Indianapolis, Ind. v. McDonough, 204 U.S. 8, 22–23, 27 S.Ct. 236, 240, 241, 51 L.Ed. 345. \* \* \*

"Service by registered mail is said by the majority to be sufficient where the corporation has 'minimum contacts' with the state of the forum. How many 'contacts' a corporation or person must have before being subjected to suit we are not informed. Here all of appellants' contacts with the residents of Virginia were by mail. No agent of appellant corporation has entered the State, nor has the individual appellant. The contracts were made wholly in Nebraska. Under these circumstances, I would hold that appellants were never 'present' in Virginia."

In view of the division between the members of the court, the opinion of Mr. Justice Black became the opinion of the United States Supreme Court only because of the concurrence therein of Mr. Justice Douglas. In view of the limitation placed on his concurrence by Mr. Justice Douglas, and the views expressed in the dissenting opinion, the case of Travelers Health Ass'n v. Commonwealth of Virginia is not, in our opinion, any authority for the proposition that the requirement of due process has been met in this present case.

We are of the opinion that the Superior Court of California obtained no jurisdiction over the person of the appellant herein to render the default judgment upon which this present suit is based. We, therefore, affirm the judgment of the trial court.