62 So.2d 338 (1952)
COLUMBIA CASUALTY CO. et al.
v.
ZIMMERMAN et al.
Supreme Court of Florida, en Banc.
December 12, 1952.
Rehearing Denied January 20, 1953.
J. Thomas Gurney, Orlando, for appellants.
Jackson A. Cargill and Albert L. Lewis, Orlando, for Cecil L. Zimmerman and Cecil Zimmerman, Jr.
Baker & Thornal, Orlando, for James D. Greene and Orlando Transit Co.
Maguire, Voorhis & Wells, Orlando, for Mary Yates and American Fire & Casualty Co. and Donald T. Senterfitt, Orlando, as administrator ad litem of estate of John Ross Avent, Sr.
Donald T. Senterfitt, Orlando, as guardian ad litem for Walter Steele, a minor.
Donald T. Senterfitt, Orlando, as guardian ad litem for Cecil L. Zimmerman, Jr., a minor.
PER CURIAM.
Columbia Casualty Company issued a policy of insurance on a Ford automobile, the property of Martin W. and Erma L. Wiltse. While the said automobile was being driven by Mary Yates it collided with a bus of Orlando Transit Company, resulting in injury to James D. Green, driver of the bus, M.T. Sullivan, Juanita Sullivan, James H. Burris, Alma B. Burris, Cecil L. Zimmerman, Leona Zimmerman, Cecil L. Zimmerman, Jr., Walter Steele and Margery E. Hill, passengers on the bus. John Ross Avent, Sr., also a passenger on the bus suffered injuries from which he died shortly thereafter. A house belonging to Inez S. Mann and the bus of Orlando Transit Company were also damaged.
C.L. and Leona Zimmerman and James H. and Alma Burris have brought suits against Mary Yates and Martin W. Wiltse to recover damages for personal injuries resulting from the collision. It appears that at the time of the collision Cecil Yates, husband of Mary Yates, held a policy of insurance with American Fire and Casualty Company, covering his automobile; it also covered Mary Yates when operating a non-owned automobile, but it provided that said policy was excess insurance over any other valid and collectible insurance available to the insured. Relying on these insurance contracts, Mary Yates and American Fire and Casualty Company made demand upon Columbia Casualty Company to defend the suits brought against Mary Yates and Martin W. Wiltse.
Columbia Fire and Casualty Company advised Mary Yates and American Fire and Casualty Company that it would not defend the suits on behalf of Mary Yates because she was not driving the automobile at the time of the collision with the knowledge and consent of the owner. American Fire and Casualty Company then undertook the defense of the suits on behalf of Mary Yates informing Columbia Casualty Company *339 that it was doing so on its behalf and demanded that Columbia Casualty Company compensate it for such defense. Demand was also made on Martin W. Wiltse by Margery E. Hill and Inez S. Mann that they be compensated for injuries alleged to have been sustained in the collision.
The bill of complaint in addition to the facts so stated, alleged that complainants contemplate that other demands will be made on them or that other suits will be brought against them to recover damages for injuries sustained from said collision. It prays for a declaratory decree to determine whether or not Columbia Casualty Company is obligated under its policy of insurance covering the Wiltse automobile to defend the pending suits on behalf of Mary Yates, whether it would be obligated to defend any future suits brought against Mary Yates or other complainants for damages resulting from said collision or whether it is required under the Wiltse policy to pay any judgments on behalf of Mary Yates and to determine if at the time of the collision the Wiltse automobile was being driven with the knowledge and consent of Martin W. and Erma L. Wiltse or either of them. Motions to dismiss were granted on the theory that the bill of complaint did not state a cause of action within the scope of the declaratory judgments statute. The complainants have appealed from this decree.
The real question which appellants sought to have determined is a purely factual one, namely, whether or not Mary Yates was driving the automobile with the knowledge and consent of the owners, or either of them.
The statutes involved are Sections 87.02 and 87.05, F.S.A. Section 87.02, F.S.A., is as follows:
"Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration or rights, status or other equitable or legal relations thereunder." (Emphasis supplied.)
It appears that the controversy which gives rise to this appeal does not embrace any question of the construction or validity of a statute, regulation, municipal ordinance, contract, deed, will or other article, memorandum or instrument or any part thereof. The thing which the appellant asserts it is seeking to have construed is an insurance policy, the validity or construction of any portion of which is not in question.
The policy provides, in effect, that if the automobile covered by the policy is being driven by someone without the knowledge and consent of the insured, the insurance company is not liable to the insured and is not required to defend under the policy. This provision is plain and unambiguous.
The question of whether or not the automobile was being driven with the knowledge and consent of the insured was a question of fact to be determined as any other question of fact and requires no construction of the insurance policy in order to determine the meaning thereof.
Appellants rely primarily upon the case of Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 809. Great significance is attached to the following language in the opinion in Ready v. Safeway Rock Co., supra:
"The test to activate jurisdiction under the instant act is whether or not the moving party shows that he is in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed and if shown to be existent, seek such relief as the circumstances warrant."
*340 The language quoted gives a test to activate the jurisdiction of the Court under the statute. There must be some doubt as to the existence or non-existence of some right, status, immunity, power or privilege, which may be at stake under a deed, will, contract or other article, memorandum or instrument in writing. There is no doubt claimed or asserted due to any ambiguity in the insurance policy and the test given in the case of Ready v. Safeway Rock Co., supra, does not exist in this case.
In the case of Coral Gates Properties, Inc., v. Hodes, Fla., 59 So.2d 630, the Court had before it an oral contract. In that case we held that even an oral contract, when the terms are not in dispute, may be the basis for a declaratory judgment proceeding where there was some doubt as to the proper interpretation of the contract. The same rule applies here to the written contract. There must be some doubt as to the proper interpretation of the written contract or as to the existence or non-existence of some right, status, immunity, power or privilege under the written contract, and that a construction thereof is necessary in order to determine the rights of a party having such doubt as to the meaning of the contract.
The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured.
The declaratory judgment statute cannot and should not be extended to cover any such situation.
The judgment appealed from be and is hereby affirmed.
SEBRING, C.J., and THOMAS, HOBSON, ROBERTS, and MATHEWS, JJ., concur.
DREW, J., concurs specially.
TERRELL, J., dissents.
DREW, Justice (concurring specially).
I concur in the judgment of affirmance, not because of the reasons advanced in the foregoing opinion but because I am of the view that the Chancellor below did not abuse his discretion in dismissing the complaint under the particular facts and conditions appearing in the record. I do not agree that relief of the nature sought could not be granted under the provisions of the statutes referred to in an appropriate case.
TERRELL, Justice (dissenting).
The factual statement in the majority opinion is in the main correct and ample but I think it misconceives both the scope and effect of the statute involved and the question presented.
That Columbia Casualty Company issued the policy of insurance to Martin W. and Erma L. Wiltse and that it agreed to defend any suit for damages brought against the driver of said automobile if driven with the knowledge or consent of the owner is not denied. It is contended that Mary Yates was not driving the automobile of Martin W. and Erma L. Wiltse at the time of the accident with their knowledge or consent. So the point for determination is whether or not Columbia Casualty Company and Martin W. and Erma L. Wiltse may invoke the provisions of the Declaratory Judgment Statute, Chapter 87, particularly Section 87.01, Florida Statutes 1951, F.S.A., to determine whether or not Mary Yates was driving the automobile with the knowledge and consent of the owners or either of them. If this question is answered in the affirmative Columbia Casualty Company must defend the suit in behalf of Mary Yates.
As originally enacted the Declaratory Judgment Statute, Chapter 7857, Acts of 1919, was explored and its scope defined in Sheldon v. Powell, 99 Fla. 782, 128 So. 258. Later when the uniform Declaratory Judgment Statute, Chapter 21820, Acts of 1943, was adopted it was explored and its scope was defined. Ready v. Safeway Rock *341 Company, 157 Fla. 27, 24 So.2d 808, 809. In the latter opinion we prescribed the following test to activate the declaratory judgments statute:
"The test to activate jurisdiction under the instant act is whether or not the moving party shows that he is in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed and if shown to be existent, seek such relief as the circumstances warrant."
Under this test the question recurs: Are complainants "in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed." In sum the test and the question emanating from it necessarily implies that each case must be resolved from its peculiar facts. So, in capsule law was the Court below in error in its refusal to invoke the declaratory judgments statute and determine the question of whether or not, as applied to Columbia Casualty Company, Mary Yates was driving the automobile with the knowledge and consent of the owner or either of them? Appellees contend that the facts presented involve nothing more than an isolated question of fact which has nothing to do with the interpretation of the insurance policy and should not be answered. Ohio Farmers Ins. Co. v. Heisel, 143 Ohio St. 519, 56 N.E.2d 151; Indemnity Ins. Co. of North America v. Kellas, 1 Cir., 173 F.2d 120 (S.S.A.L.) and like cases are relied on to support this contention.
If the construction of the insurance policy or some other written instrument is all that was contemplated by the declaratory judgments statute, there might be ground to support appellees' contention but the test applied in Ready v. Safeway Rock Company goes much further. It may be invoked when "some right, status, immunity, power or privilege" is at stake. The fact that eminent counsel are at such variance as to the right of appellant might create the "doubt" as to its existence. The Federal Act and many of the State acts have been interpreted as going much further. This is particularly true in cases where questions involving insurance policies were presented. American Casualty Company of Reading, Pa. v. Windham, 5 Cir., 107 F.2d 88; Samuels v. American Automobile Ins. Co., 10 Cir., 150 F.2d 221, 160 A.L.R. 1191; Maryland Casualty Co. v. Pacific Coal & Oil Co. 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Casualty Co. v. Consumer's Finance Service Inc. of Pa., 3 Cir., 101 F.2d 514; Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443; Associated Indemnity Co. v. Garrow Co., 2 Cir., 125 F.2d 462, 142 A.L.R. 69-72, notes 34 to 46, inclusive. These cases involved many questions pertaining to the rights and liabilities of the parties under insurance policies, some of them identical with the question involved in this case.
The foregoing discussion has to do mainly with cases litigated in the Federal Courts under the federal declaratory judgments statute but it is not amiss to point out that the text books and state cases are to like effect. 16 Am.Jur. 311, Section 35; Anderson, 2d Ed., Declaratory Judgments, Sec. 219, page 472; Darnell v. Tate, 206 Ga. 576, 58 S.E.2d 160; Travelers Indem. Co. v. Cochrane, 155 Ohio St. 305, 98 N.E.2d 840 and cases therein cited; Lumber Mutual Casualty Ins. Co. of N.Y. v. Wells, 225 N.C. 547, 35 S.E.2d 631; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Borchard Declaratory Judgments, Chapter 7, page 490; American Motorists Ins. Co. v. Central Garage, 86 N.H. 362, 169 A. 121.
In support of this thesis it has been frequently held that the pendency of a bona fide suit is ground sufficient to permit an insurance company to invoke the declaratory decree statute if the ultimate object is to determine the company's obligation to defend the pending suit. Some of the courts have held that the threat of such a suit is sufficient. In the case at bar the situation is much more imperative. At the time appellants filed their petition for declaratory decree four suits had been brought against Mary Yates who had demanded *342 that appellant represent her. Besides this, there were numerous other suits in prospect growing out of the same collision. If the question propounded in this suit is answered in the affirmative and it is ultimately decided that Mary Yates was driving the automobile at the time of the collision without the consent of the owner Columbia Casualty Company will not be required to defend the suit in behalf of Mary Yates. Whether or not it will conclude the point as to other cases will depend on the similarity of parties, issues and other prerequisites to readjudicate.
While this court is committed to the doctrine that the declaratory judgments statute will not be permitted to displace other legal remedies, we realize that new factual complexes will continue to arise and when the rights of the parties are such as to require, we will not hesitate to apply the act. Whether or not Mary Yates was driving the automobile at the time of the collision, with the consent of the owners, is a very important point in this litigation. It may be vital to other suits growing out of the collision. If the contention of appellant is sustained, numerous suits against it may be forestalled. All the text-writers and many of the decisions hold that declaratory action is an ideal way to prevent resort to a multiplicity of suits. Anderson Declaratory Judgments, page 16. I am convinced that the facts in this case are such as to require application of the declaratory judgments act. Mary Yates and her husband's insurance carrier, American Fire and Casualty Company, claim rights against appellant that are material and I think the trial court was in error in refusing the proffer to settle them.
I find no merit to the contention that defendants would be deprived of their right of trial by jury if the right to invoke the declaratory judgments statute is granted. Both the State and Federal Constitutions guarantee the right of trial by jury and Section 87.08, Florida Statutes 1951, F.S.A., provides that when issues of fact arise under the administration of the act, they shall be tried in the same manner that issues of fact are tried in other civil actions and the trial judge may direct their submission to a jury. Rule 31, Common Law Rules, 30 F.S.A., relating to trial by jury does not abolish but should be read in connection with these provisions of the statute and constitution.
The only other question necessary to answer is as to what persons should be made parties to this litigation. Section 87.10, F.S.A., provides that all persons be made parties who claim any interest that would be affected by the declaration. The interests of Columbia Casualty Company and the Wiltses were identical; there was no dispute among them as to the issues so they were proper parties. The fact that Mary Yates is a proper party is so obvious that it would be trivial to contend otherwise. It is equally as obvious that the husband of Mary Yates and American Fire and Casualty Company, his insurance carrier, are proper parties, notwithstanding the fact that the latter insurance company is merely a secondary carrier. As to those who have brought suit for damages and those who may do so in the future, it is proper to join them as parties defendant because they are potential claimants and should be advised as to the outcome of the litigation. If the main issue in the case is common to all these parties and the pertinent facts are likewise common, it will conclude the obligation of appellant to defend the litigation. In this holding I have not overlooked Zimmerman v. Yates, Fla., 58 So.2d 433.
I therefore dissent from the majority opinion because I think the judgment should be reversed.