155 So.2d 886 (1963)
Anna B. JOHNSON, Appellant,
v.
ATLANTIC NATIONAL INSURANCE COMPANY, a Florida corporation, Appellee.
No. 62-662.
District Court of Appeal of Florida. Third District.
August 27, 1963.
Rehearing Denied September 19, 1963.
*887 Carey, Goodman, Terry, Dwyer & Austin and Joseph A. McGowan, Miami, for appellant.
Alvin N. Weinstein, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON, TILLMAN and HENDRY, JJ.
PEARSON, TILLMAN, Judge.
The appellant, Anna B. Johnson, was the plaintiff in a prior suit arising out of an automobile accident. One defendant in that suit was Charles Lynch, who was insured by the Atlantic National Insurance Company. During the progress of the action against Lynch, the insurance company filed a complaint for declaratory decree and made both Lynch and Johnson defendants to the complaint. The complaint for declaratory decree reached trial first and the chancellor entered a decree which exonerated the insurance company from any liability under its policy as to this accident. This appeal is from that decree.
The appellant has presented three points on appeal. The first urges that the complaint for declaratory decree should have been dismissed because it failed to state a cause of action under Chapter 87 of the Florida Statutes, F.S.A. The second and third points are directed to the sufficiency of the evidence. We reverse upon appellant's first point and therefore do not reach a consideration of the evidence on this appeal.
The complaint of the Atlantic National Insurance Company sets forth its contract of insurance with Charles Lynch, and recites the filing of the common-law action by Anna B. Johnson against Lynch. It is thereafter alleged that one of the conditions of the contract of insurance issued to Lynch was that the Company should be given prompt written notice of any accident or loss. The complaint continues as follows:
"6. The defendants have breached and violated their duties under the contract of insurance as set forth in paragraph five in the following respects:
A. They failed to notify the plaintiff of the claim made against the defendants Charles Lynch and Willie Lee Jones.
B. They failed to notify the plaintiff of the aforesaid accident, occurrence, or loss as mentioned in paragraph three of the Complaint.
C. They failed to notify the plaintiff of the suit brought against the defendants Charles Lynch and Willie Lee Jones in the Circuit Court in and for Dade County, Florida, Common Law No. 60L 2903.
D. They failed to forward to the plaintiff the demands made by the defendant Anna B. Johnson.
E. They failed to forward the Summons and Complaint served upon them by the defendant Anna B. Johnson.
F. They failed to notify the plaintiff of the various proceedings in Case No. 60L 2903 as mentioned in paragraph four of the Complaint.
"7. (A) Paragraph 6 under Conditions provides: `Action Against Company  Part I: No action shall *888 lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.'
"The defendants have failed to fully comply with the terms of the contract of insurance by reason of the breaches set forth in paragraph six.
"B. That by reason of the aforesaid breaches of the insurance contract, the defendants Charles Lynch and Willie Lee Jones have thereby violated the terms of the aforesaid contract of insurance and the plaintiff as a result thereof disclaims liability and responsibility to any of the defendants.
"8. The plaintiff has no adequate remedy save by the relief given by way of Declaratory Decree."
Upon the basis of these allegations it was prayed:
"A. That the contract of insurance issued by the plaintiff to the defendant, Charles Lynch, on the motor vehicle involved in the accident that allegedly occurred on March 4, 1960 (and giving rise to Common Law suit 60L 2903 in the Circuit Court in and for Dade County, Florida) does not obligate the plaintiff to defend any suit now pending against the defendant Charles Lynch or any person operating the said motor vehicle, which suit may be now pending or which may later be instituted to recover damages and injuries alleged to have been sustained in said accident and/or to pay and satisfy any verdict or judgment rendered against said defendant, Charles Lynch or any person operating the aforesaid motor vehicle arising and resulting from said accident.
"B. That the defendant, Anna B. Johnson, be enjoined from maintaining or proceeding with Case No. 60L 2903 in the Circuit Court in and for Dade County, Florida, against the defendants Charles Lynch and Willie Lee Jones until the rights, duties, liabilities and obligations of the plaintiff under said contract of insurance allegedly in effect at the time of the aforesaid accident or occurrence have been determined and adjudicated."
To this complaint the defendant, Johnson, filed her motion to dismiss upon the ground of failure to state a cause of action for declaratory relief. The chancellor denied the motion to dismiss, and the order is assigned as error.
It has frequently been pointed out that the Florida declaratory judgment statute provides in § 87.02 that "Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are effected by a statute * * * may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract * * * and obtain a declaration of rights, status or other equitable or legal relations thereunder." It has been noted by the Supreme Court of Florida in Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 809 that this statute requires a question either of construction or of validity:
"The test to activate jurisdiction under the instant act is whether or not the moving party shows that he is in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed and if shown *889 to be existent, seek such relief as the circumstances warrant."
See also Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338; Halpert v. Olesky, Fla. 1953, 65 So.2d 762; Crown Life Ins. Co. v. Garay, Fla.App. 1962, 141 So.2d 633.
It is apparent from the quoted portions of the complaint in this cause that not only did the plaintiff fail to allege a doubt or the need for the construction of the insurance policy or for the determination of its validity; but quite the contrary, it alleges facts precedent to a claimed injunction to prohibit the appellant, Johnson, from proceeding with the lawsuit. The complaint should have been dismissed upon the motion of the defendant.
We note and distinguish the case of State Farm Mutual Automobile Ins. Co. v. Ranson, Fla.App. 1960, 121 So.2d 175, where our sister court in the Second District reviewed and ruled upon the merits of a declaratory suit involving similar facts to the case at bar. We have not here held that under the facts of this case a complaint for declaratory decree could not properly be sought, but only that here "* * * the moving party [has not shown] * * * that he is in doubt as to the existence or nonexistence of some right, status, [etc.] * * *." Ready v. Safeway Rock Co., supra. It cannot be determined from the opinion in the State Farm case whether the plaintiff did or did not show doubt as to some right, status, etc.; therefore, it cannot be authority for approving a declaratory decree in the instant case.
For this same reason, we acknowledge and distinguish the opinion of this court in Bacon v. Crespi, Fla.App. 1962, 141 So.2d 823, which allowed a party to seek a declaration of his rights where extrinsic facts affected the clear language of a written agreement.
Reversed with directions to dismiss the complaint.