167 So.2d 786 (1964)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Robert M. COUCH, Robert M. Couch, Jr., a minor by and through his father and next friend, Robert M. Couch, and Allstate Insurance Company, Appellees.
No. 64-12.
District Court of Appeal of Florida. Third District.
September 29, 1964.
Rehearing Denied October 23, 1964.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellant.
Dean, Adams & Fischer and Robert M. Sturrup, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
CARROLL, Judge.
State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm) issued a policy of insurance on an automobile owned by Ernest A. Stevens, residing in Tennessee. The policy contained an exclusionary provision relating to rental.[1]
Stevens and Robert M. Couch, Jr. of Miami, Florida, were fellow students at a college in Tennessee. An arrangement was made between Stevens and Couch by which the latter paid Stevens $50 and was allowed to drive Stevens' car to Florida and return, during a school holiday period. The local agent of the insurer was informed that Couch, Jr. would be driving the car, but was not informed that he was paying Stevens $50 in connection therewith, and the Stevens policy expressly covered Couch, Jr. The latter drove the car to Florida as intended, and was involved in an automobile accident there in which two persons were injured.
Allstate Insurance Company (hereinafter referred to as Allstate) had issued an automobile liability policy to Couch's father with coverage extending to Couch, Jr., in *787 which liability was limited in event of other collectible insurance.[2]
The Couchs and their insurer Allstate filed a suit in the circuit court in Dade County, under Chapter 87, Fla. Stat., F.S.A., for declaratory decree, against State Farm, Stevens and the two injured persons, asking the court to recognize the liability limitation provision in the Allstate policy, and seeking a decree holding State Farm to be obligated on its policy.
The doubt expressed by the plaintiffs in the complaint was a doubt by Allstate and Couch as to whether Stevens' State Farm policy was in effect with reference to the accident. The question of effectiveness of the State Farm policy turned on a factual dispute, as to whether the car was loaned by Stevens to Couch, Jr., or was rented. The defendant State Farm moved to dismiss the complaint for failure to state a cause of action. The motion to dismiss was denied, and State Farm answered claiming that at the time of the accident the automobile was being operated under lease or rental. Later, prior to decree, the defendant State Farm again moved to dismiss for lack of jurisdiction, arguing that the cause was not within the scope of the declaratory decree statute, relying for authority on Columbia Casualty Company v. Zimmerman, Fla. 1952, 62 So.2d 338. This second motion to dismiss also was denied. On consideration of the evidence presented the trial court concluded the transaction was not a rental of the automobile, and entered a decree holding State Farm was not entitled to the benefit of the exclusionary provision regarding rental of the car by the owner to another.
The defendant State Farm appealed and presents two points as follows:
"1. The declaratory judgment statute is not available to settle factual issues bearing on liability under a contract which is clear and unambiguous and which presents no need for its construction.
"2. The delivery of Stevens' automobile to Couch, Jr. for his use, in consideration of the payment of $50, constituted a rental or leasing of the vehicle."
Appellant's contention that chapter 87, Fla. Stat., F.S.A., the declaratory decree statute, was improperly invoked is meritorious, and we reverse the decree on the authority of Columbia Casualty Co. v. Zimmerman, supra, which we consider to be squarely in point.
In the Columbia Casualty case a policy of insurance had been issued on an automobile owned by one Wiltse. That automobile, while being driven by Mary Yates, was involved in a collision with a city passenger bus. Mary Yates also was insured, when operating a non-owned vehicle, by a policy on which coverage was limited to liability above other valid and collectible insurance available to the insured. Regarding the claims of injured bus passengers against Wiltse and Yates, the liability vel non of the insurer of the owner and the degree of liability of the insurer of the driver were dependent upon a determination of the factual question of whether or not Mary Yates was driving with the owner's knowledge and consent. Columbia Casualty Co. filed suit for declaratory decree under chapter 87, Fla. Stat., F.S.A., seeking determination of its liability. The defendants moved to dismiss "on the theory that the bill of complaint did not state a cause of action within the scope of the declaratory judgments statute." The motion was granted, the cause was dismissed, the insurance company appealed and the Supreme Court affirmed *788 the dismissal. Where the matter to be determined on the facts in the Columbia Casualty case was whether the insured, Mary Yates, was driving with the knowledge and consent of the owner,[3] the factual question submitted to the trial court for determination in the instant case was whether the insured Couch, Jr. was driving the car as a lessee thereof or only as a borrower.
In reaching the conclusion in the Columbia Casualty case that "[t]he declaratory judgment statute cannot and should not be extended to cover any such situation," the Supreme Court said (62 So.2d at 339, 340):
"It appears that the controversy which gives rise to this appeal does not embrace any question of the construction or validity of a statute, regulation, municipal ordinance, contract, deed, will or other article, memorandum or instrument or any part thereof. The thing which the appellant asserts it is seeking to have construed is an insurance policy, the validity or construction of any portion of which is not in question.
"The policy provides, in effect, that if the automobile covered by the policy is being driven by someone without the knowledge and consent of the insured, the insurance company is not liable to the insured and is not required to defend under the policy. This provision is plain and unambiguous.
"The question of whether or not the automobile was being driven with the knowledge and consent of the insured was a question of fact to be determined as any other question of fact and requires no construction of the insurance policy in order to determine the meaning thereof.
* * * * * *
"The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured."
What was said there is applicable and controlling in the present case, and we hold, as was held there, that the declaratory judgment statute was improperly invoked and that the cause was outside the scope of the statute.[4]
*789 Reversal of the decree on jurisdictional grounds results in nullifying the chancellor's decision on the merits, on which we express no ruling.
For the reasons stated, the decree is reversed and the cause is remanded to the circuit court with directions to dismiss the complaint without prejudice.
Reversed.
NOTES
[1] "This insurance does not apply under:

"(a) any of the coverage (except under coverages C and M for bodily injuries to the named insured and his relatives) while the owned automobile is rented or leased to others by the insured, used as a public or livery conveyance, or used for carrying persons for a charge, * * *".
[2] "Limits of Allstate's Liability

"If there is other insurance
"Allstate shall not be liable under this Part 1 for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance."
[3] In affirming the dismissal in the Columbia Casualty case, the Supreme Court, in referring to the matter presented for determination in the trial court, said: "The real question which appellants sought to have determined is a purely factual one, namely, whether or not Mary Yates was driving the automobile with the knowledge and consent of the owners, or either of them."
[4] Compare Bacon v. Crespi, Fla.App. 1962, 141 So.2d 823, where this court said: "The mere fact that the contract is clear and unambiguous on its face does not prevent one from seeking a declaration of his rights under such contract where there exists extrinsic facts which would affect the clear and unambiguous language of the written agreement." We do not consider that case to be in conflict. In Crespi, there was a written contract under which stockholders in a corporation were given the privilege of buying one another's stock, dependent on giving notices in designated manners and at prescribed times. Certain notices and counter notices were given and a suit for declaratory decree was filed to determine the rights of a party or parties based thereon.

In the Crespi case the facts appeared not in dispute. It involved determination of whether the acts of the parties met the requirements of the contract. In the instant case, as in the Columbia Casualty Company case, there would be no problem of construction once the facts were established, but each case presented for determination only an issue of fact.