197 So.2d 548 (1967)
James T. SMITH, Jr., and Sylvia Smith, His Wife, and Donald E. Smith, Appellants,
v.
MILWAUKEE INSURANCE COMPANY OF MILWAUKEE, WIS., a Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 385.
District Court of Appeal of Florida. Fourth District.
April 6, 1967.
Rehearing Denied May 4, 1967.
Richard V. Neill and Stephen C. McAliley, of Fee, Parker & Neill, Fort Pierce, for appellants.
David L. McCain of Carlton, McCain, Carlton & Brennan, Fort Pierce, for appellee.
CROSS, Judge.
Defendants-insured, James T. Smith, Jr., and Sylvia Smith, his wife, appeal from a final declaratory decree for the insurer, Milwaukee Insurance Company of Milwaukee, Wisconsin, on liability under an omnibus clause in a family automobile insurance policy.
Elmer B. Elliott, Jr., was the sole owner of a jeep. He together with the defendant, James T. Smith, Jr., also owned a fish camp. However, the jeep was not associated in any way with the business or ownership thereof. Mr. Elliott's mother, Velma Elliott Baxter, was acting in the capacity as *549 manager of the camp. She owned an automobile which her son, Mr. Elliott, personally used for his transportation to and from West Palm Beach thus leaving his mother without any automobile. In return for the use of his mother's automobile he promised and assured her that he would purchase an automobile for her own use to replace her car. On the Friday before the accident occurred he purchased a jeep which was driven directly to the fish camp and parked. The keys were either left in the jeep or placed on a nail in the camp building. No insurance was in existence on the jeep. Mr. Elliott remembers explicitly telling his wife that the jeep was not to be driven or used until insurance was obtained. However, his mother was never informed of this nor did he give her express permission to use the jeep. Nevertheless, Mrs. Baxter considered permission to use the jeep had been understood between her and her son, Elliott, and there is certainly nothing to the contrary to indicate otherwise.
The testimony shows that on the following Monday the mother needed some "bait" for the fish camp operation and asked a minor, Donald E. Smith, the son of James T. Smith, Jr., to go into Okeechobee to get the needed bait and permitted him to use the jeep. The boy drove the jeep with his friends riding as passengers and continued on his way until he became involved in an accident.
The insurer had issued to James T. Smith, Jr., and his wife a family policy which contained an omnibus clause. The provisions of this clause limited persons insured with respect to a non-owned automobile to the named insured or any relative but only with respect to a private passenger automobile provided the actual use thereof was with the permission of the owner.
As a result of the automobile collision certain claims have arisen involving bodily injury and property damage. Thereafter the insurer sought a declaratory decree determining its rights and liabilities for claims arising out of the automobile collision. The insurer's contention is that the defendant, Donald E. Smith, was not a person insured under the policy in that the motor vehicle he was operating was being operated without the permission of the owner.
The insurance policy under question was admitted into evidence and provides in material part under "Persons Insured", subparagraph (b).[1]
The insurer further contends that, if it can be reasoned that the boy was using the jeep with the permission of the owner and for the benefit of the first permittee, Mr. Elliott's mother, then under this reasoning it would be for the benefit of the co-owner of the fish camp, James T. Smith, Jr., the named insured, and if this reasoning were applied there would be no coverage because of the exclusionary clause.[2] The insurer also contends that the operator of the jeep was the son of the policy owner and could not come within the purview of being classed as either a chauffeur or a domestic servant.
Availability of declaratory relief has not been made a subject of any assignment of error, a point on appeal or argued in the brief. Nevertheless, it constitutes *550 a jurisdictional or fundamental error of which the court takes notice and considers ex mero motu whether or not it has been argued in the briefs or made the subject of assignment of error or of an objection or of exception in the court below. F.A.R. 3.7(i), 31 F.S.A.
It appears that declaratory relief was unknown at common law inasmuch as the common law concept of courts was that they were a branch of the government created to redress private wrongs and punish the commission of crimes and misdemeanors. The courts took no official interest in the affairs of civil life until one person had wronged another, and the object was to give relief for the injury inflicted. 22 Am.Jur.2d Declaratory Judgment, § 3 (1965).
The Florida Legislature has adopted a Uniform Declaratory Judgments Act. In Chapter 87, F.S.A., the circuit courts of this state are given authority to declare rights, status or other legal relations whether or not further relief is or could be claimed or prayed.
However, the use of declaratory proceedings is not available where the object of the proceedings is to try disputed questions of fact as a determinative issue rather than to seek a construction of definite stated rights, status, or other relations. Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338; see also Halpert v. Oleksy, Fla. 1953, 65 So.2d 762; Burns v. Hartford Accident & Indemnity Co., Fla.App. 1963, 157 So.2d 84; 22 Am.Jur.2d, Declaratory Judgments, § 19.
Columbia Casualty Co. case, supra, was an action to determine the liability of the insurer for injuries inflicted while the insured's automobile was being driven by another. The only doubt which existed was whether the automobile was being driven with the knowledge and consent of the insured. The Supreme Court held that the real question which the plaintiff sought to have determined was a purely factual one, and there was no question involved of the construction or the validity of an instrument. The Supreme Court said, 62 So.2d at pages 339-340:
"It appears that the controversy which gives rise to this appeal does not embrace any question of the construction or validity of a statute, regulation, municipal ordinance, contract, deed, will or other article, memorandum or instrument or any part thereof. The thing which the appellant asserts it is seeking to have construed is an insurance policy, the validity or construction of any portion of which is not in question.
"The policy provides, in effect, that if the automobile covered by the policy is being driven by someone without the knowledge and consent of the insured, the insurance company is not liable to the insured and is not required to defend under the policy. This provision is plain and unambiguous.
"The question of whether or not the automobile was being driven with the knowledge and consent of the insured was a question of fact to be determined as any other question of fact and requires no construction of the insurance policy in order to determine the meaning thereof.
"* * *
"The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured."
In the present case there is certainly no doubt as to the meaning of the *551 insurance contract or as to the proper interpretation of the omnibus clause or the exclusionary clause. The only doubts shown to exist are whether or not the Smith boy's actual use of the vehicle was with the permission of the owner, Elliott, and whether the Smith boy at the time he was using the jeep was using it for the benefit of the co-owner of the fish camp, James T. Smith, Jr., the named insured, thereby bringing this act within the exclusionary clause.
The plaintiff has endeavored to use the medium of declaratory judgment to try these disputed questions of fact as a determinative issue rather than to seek a construction of definite stated rights, status, or other relations under the policy issued to the defendants.
What was said in the Supreme Court decision of Columbia Casualty Co. v. Zimmerman, supra, is controlling in the present case, and we hold as was held there that the declaratory judgment statute was improperly invoked and that the cause was outside the scope of the statute.
Reversal of the decree on jurisdictional grounds results in nullifying the chancellor's decision on the merits, on which we express no ruling. State Farm Mutual Automobile Ins. Co. v. Couch, Fla.App. 1964, 167 So.2d 786.
For the reasons stated the decree is reversed, and the cause is remanded to the lower court with directions to dismiss the complaint without prejudice.
Reversed.
WALDEN, C.J., concurs.
WHITE, JOSEPH S., Associate Judge, concurs specially with opinion.
WHITE, JOSEPH S., Associate Judge, (concurring specially).
I concur in the dismissal by this court sua sponte only because parties necessary to a final and complete determination of the controversy were not before the lower court upon entry of its final decree. This fact is not mentioned in the majority opinion.
The lower court had jurisdiction of the subject matter. Had all interested parties been before the court, making no objection to the proceedings, the final decree would have been free of "jurisdictional or fundamental error" and dismissal sua sponte by this court would be unwarranted. See May v. Holley, Fla. 1952, 59 So.2d 636; Miller v. Miller, Fla.App. 1963, 151 So.2d 869; DeCottes v. Clarkson, 1901, 43 Fla. 1, 29 So. 442; Farrell v. Forest Inv. Co., 1917, 73 Fla. 191, 74 So. 216, 1 A.L.R. 25; Malone v. Meres, 1926, 91 Fla. 709, 109 So. 677; Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768; McClish v. Rankin, 1943, 153 Fla. 324, 14 So.2d 714; Ganaway v. Henderson, Fla. App. 1958, 103 So.2d 693.
NOTES
[1] "Persons Insured:

"* * *
"(b) With respect to a non-owned automobile:
"(1) the Named Insured.
"(2) any relative, but only with respect to a private passenger automobile or trailer,
provided the actual use thereof is with the permission of the owner * * *."
[2] "Exclusions:

"This policy does not apply under Part I:
"* * *
"(h) to a non-owned automobile while used * * * (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the Named Insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile."