SPECTOR, Judge.
This is an appeal from an adverse declaratory decree holding that the appellee is not liable to appellant under a professional liability policy it had issued to him respecting a given claim being litigated against the physician by a former patient.
The liability insurer denied coverage for the claim because of the insured’s failure to give the company timely notice as required by condition two of the policy which states:
“Upon the insured becoming aware of any alleged injury covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable.”
The appellant, Dr. Bergh, is a physician practicing medicine in Clay County, Florida. He performed professional services upon a patient. Those services included a hysterectomy operation in January, 1964, which the court below found resulted in substantial complications, and an operation in June, 1964, for an intestinal obstruction. The latter operation, the Chancellor found, also was followed by substantial complications.
Immediately after the patient was discharged following the latter operation, she came under the care of another physician who testified that at that time the patient’s life was in peril and might have been lost but for the timely intervention by other physicians and admission at another hospital.
On October 26, 1964, the patient’s attorney wrote the appellant that he was representing his former - patient in regard to a claim she was asserting against the doctor for alleged negligence connected with the surgical procedures and treatment related above. Although the patient’s attorney requested the physician to contact him about the matter, Dr. Bergh seems to have ignored the letter and its contents. He did not at this point notify his professional liability carrier.
On February 20, 1965, the patient instituted an action against the appellant here alleging acts of negligence arising out of the medical procedures described above. Still notice of his patient’s claim was not given to the insurance company. It was not until about April 1, 1965, that Dr. Bergh furnished the company with its first notice that a claim had been asserted against him by a patient.
Shortly after being noticed of the existence not only of the asserted claim, but the fact that it had already been in litigation some five weeks, the insurance company procured from Dr. Bergh a non-waiver agreement. This occurred on April 12, 1965. Said agreement permitted the company to:
“ * * * proceed to investigate the said accident, or undertake the defense of any suit growing out of the said accident, without prejudice to the rights of the said company, and that no action heretofore or hereafter taken by the company shall be construed as a waiver of the right of the company, if in fact it has such a right, to deny liability and withdraw from the case.”
Thereafter, the company took control of the suit that the patient had filed against its insured and continued in such control until filing its motion to withdraw as counsel *849 for Dr. Bergh on December 10, 1965. In said motion to withdraw, the insurer asserted Dr. Bergh’s failure to give notice as soon as practicable as required by the liability policy. The insurer also asserted the nonwaiver agreement entered into on April 12, 1965. By said motion, the insurer also asserted the several reservation of rights letters that it had served on the insured at various stages of its handling of the damage suit under the nonwaiver agreement. Presumably, resort to the reservation of rights letters at a time when there was a nonwaiver agreement in effect was for the purpose of making it clear to the insured that the company still regarded its nonwaiver agreement to be in effect.
Shortly thereafter, the insurer filed its complaint for a declaratory decree in the instant action.
The court below found that notice of the alleged injury covered by the insurance policy was not given by or on behalf of the appellant to the company or any of its agents as soon as practicable after he became aware of the alleged injury. Such notice was required by the policy and failure to give it in the circumstances here obtaining constituted a material breach of the policy provisions so as to relieve the appellee of coverage and liability to the insured appellant.
Failure to give notice as soon as practicable has been held to be a material breach of an insurance policy in this state in numerous reported cases. See Morton v. Indemnity Insurance Company of North America, 137 So.2d 618 (Fla.App.2d 1962); State Farm Mutual, etc. v. Ransom, 121 So.2d 175 (Fla.App.2d 1960) ; and this court’s decision in Hartford Accident and Indemnity Company v. Mills, 171 So.2d 190.
In the case at bar, the claim as to which insurance coverage is contested involves alleged medical malpractice. The patient contends that she had suffered substantial damages, the severity of which dictated the need for early and thorough investigation concerning the cause and extent thereof. Under the circumstances appearing in this case, the appellant has not made it appear that the able trial judge erroneously held that the insured had not given notice of the accident as soon as practicable in conformance with the policy requirements.
Appellant urges that the carrier’s assumption of control of the negligence case filed against him by his former patient was conduct which, in effect, constitutes a waiver by the company of the lack of timely notice. Appellant’s contention in this regard totally ignores the nonwaiver agreement he had made with the company only days after the company had received its initial notice of claim from its insured and contemporaneously with the company’s appearance in the negligence action.
While appellant cites cases in other jurisdictions indicating that even under a nonwaiver agreement the company is foreclosed from assuming control of the investigation and litigation of a claim and thereafter electing to assert a breach of a policy provision, the courts of this state do not appear to have followed that line of cases typified by Columbia Casualty Company v. Ingram, 154 Md. 360, 140 A. 601; Hankins v. Public Service Mutual Insurance Company, 192 Md. 68, 63 A.2d 606; and Ebert v. Balter, 83 N.J.Super. 545, 200 A.2d 532. On the contrary, our courts have squarely held that where an insurer has handled a matter under a nonwaiver agreement entered into between it and its insured, the acts performed by the insurer while such agreement is in force cannot be held to constitute a waiver by the company of any right which it might have had to disclaim liability under its policy prior to the execution of the nonwaiver agreement. See Midland National Insurance Company v. Watson, 188 So.2d 403 (Fla.App.3d 1966). Indeed, even the Ebert case, supra, upon which appellant so heavily relies, quotes with approval from a New York case, Merchants Indemnity Corp. of New York *850 v. Eggleston (1962), 37 N.J., 114, 179 A.2d 505, to the effect that:
“ * * * If a carrier wishes to control the defense and simultaneously reserve a right to dispute liability, it can do so only with the consent of the insured.”
As has already been noted in the instant ■case, the insured gave the company the very •consent to which the New Jersey Court alluded in the Ebert case.
The appellant having failed to demonstrate error, the decree appealed from is affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.