ON EXTRAORDINARY PETITION TO RECALL MANDATE
PER CURIAM.
Appellant’s extraordinary petition to. recall mandate and for reversal for lack of jurisdiction is premised upon the contention that neither this court nor the lower court had jurisdiction to entertain this cause under the Declaratory Judgment Act, Chapter 87, Florida Statutes, F.S.A., on the authority of Johnson v. Travelers Indemnity Com *745 pany, 191 So.2d 61, recently decided by this court. In Johnson, supra, we held that a declaratory judgment action would not lie for the sole purpose of determining the sufficiency of notice of claim under a policy of insurance where there was no issue involving the construction of a policy provision. Thus, following Columbia Casualty Co. v. Zimmerman, Fla., 62 So.2d 338, we held that where the only question to be determined was a question of fact, a declaratory judgment action would not lie.
While it is true that in the instant action the court below made a finding of fact which was not disturbed by this court, it is equally true that the lower court also construed and interpreted the nonwaiver agreement entered into by the parties under which the insurer had undertaken to control the litigation in which the claim against the insured was being tried.
The finding of fact that the insured had not given notice of claim to his carrier as soon as practicable was only incidental or ancillary to the determination of rights of the parties under a nonwaiver agreement which had been entered into by them.
In Johnson, supra, there was no question as to the interpretation of a policy provision. Here, however, there was doubt as to the proper interpretation of the written nonwaiver agreement and as to the existence or nonexistence of a right, status, immunity, or privilege under said nonwaiver agreement. A construction of said agreement was necessary in order to determine the rights of the party having such doubt as to the meaning of the nonwaiver agreement.
Accordingly, the jurisdiction of the court below and this court was properly invoked, and the extraordinary petition to recall mandate and reverse for lack of jurisdiction is therefore
Denied.
WIGGINTON, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.