GENERAL AMERICAN LIFE INSURANCE COMPANY
*v.* CARTER.

[No. 28,000. Filed May 23, 1944. Rehearing denied June 14, 1944.]

558

*L. L. Bomberger* and *R. M. Royce,* both of Hammond (*Bomberger & Peters,* of Hammond, *Orville W. Nichols,* of Knox, and *Powell B. McHaney* and *Ben R. Swank,* both of St. Louis, Missouri, of counsel), for appellant.

*F. Laurence Anderson* and *Z. P. Hicks,* both of Gary, and *William J. Reed* and *Paul E. Reed,* both of Knox, for appellee.

FANSLER, J.—This is an action prosecuted by the appellee as beneficiary of an insurance policy upon the life of his deceased sister against the appellant, a Missouri corporation having its principal office in the City of St. Louis. The appellant is authorized to do business in the State of Indiana, and summons was served upon the Commissioner of Insurance, under § 39-4704, Burns' 1940 Replacement, § 9509-4, Baldwin's Supp. 1935. The action does not involve real estate or personal property having a situs within the State, but is purely *in personam.* The defendant (ap-

pellant) appeared specially and filed a motion to set aside the service and dismiss the cause for want of jurisdiction of the person. This motion was denied, and the defendant thereupon filed a verified plea in abatement covering substantially the same subject-matter. The defendant requested a jury trial upon its plea in abatement, and immediately thereafter filed a verified motion for a change of venue from the county, which was granted, and the cause was venued to Jasper County. The plaintiff then filed a verified motion for a change of venue, and the cause was venued to Starke County. In the Starke Circuit Court the defendant's plea in abatement was stricken out, upon the ground that defendant's motion for a change of venue from the Lake Circuit Court constituted a general appearance and a waiver of the jurisdictional question. The appellant has assigned this ruling as error.

Answers in abatement raise issues of law or of fact just as such issues are raised by answers in bar. The plaintiff may demur to an answer in abatement, or reply. If the facts stated are sufficient and are denied, an issue of fact is raised. Section 2-1034, Burns' 1933, § 138, Baldwin's 1934, provides in part: "An answer in abatement must precede, and cannot be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. If the issue be found against the answer, the judgment must be that the party plead over, and against him for all costs of the action up to that time." At common law issues of fact raised by such a plea were triable by jury, and that has always been and is the practice here. Under the modern practice, a change of venue from the county may be taken before the cause is at issue, as was done in this instance. The change of venue statute was designed to provide unbiased triers, and

no reason has been pointed out, nor do we see any reason, why it does not apply to issues of fact raised by an answer in abatement as well as to issues raised by an answer in bar. It follows that by seeking a jury trial and a change of venue from the county, the defendant was merely pursuing his remedy by abatement.

The appellee has cited *Princeton Coal & Mining Co. et al.* v. *Gilchrist et al.* (1912), 51 Ind. App. 216, 99 N. E. 426, as supporting the ruling of the trial court. In that case two of several defendants joined in a plea in abatement which questioned the court's jurisdiction of their persons. Pending a ruling, one of these two defendants, "for and on behalf of the defendants," filed a motion for a change of venue from the county, which was sustained. It was insisted that this motion for a change amounted to a full appearance and a waiver of the matter in abatement. The court said (page 220 of 51 Ind. App., page 427 of 99 N. E.): "Whether the filing of a motion for a change of venue constitutes a full appearance, has never been directly decided by the courts of this State. The rule seems to be that where a motion goes to the merits of the action, the same must be made on full appearance. A motion for a change of venue, while not strictly affecting the merits of the action, necessarily recognizes the jurisdiction of the court over the persons who join in the motion and invokes the aid of the court in that behalf. The filing of such a motion has been held to be an admission of jurisdiction. *Feedler* v. *Schroeder* (1875), 59 Mo. 364; *Baisley* v. *Baisley* (1893), 113 Mo. 544, 21 S. W. 29, 35 Am. St. 726." The court in which the motion for a change of venue was filed had jurisdiction of the subject-matter of the action, and jurisdiction to determine whether or not it had jurisdiction of the

person. Of course, a motion for a change of venue invokes the aid of the court in that behalf, but so does the filing of a plea in abatement, and when an answer in abatement is pending it is difficult to see how it can be logically said that a motion for a change of venue invokes the jurisdiction of the court to do more than transfer the venue so that the court of an adjoining county may exercise jurisdiction to determine whether or not jurisdiction of the person has been acquired. We notice, however, that the motion for a change of venue considered was "for and on behalf of the defendants." It has long been held that a motion for a change of venue by one defendant speaks for all defendants, and the venue is changed as to all, and, since this language was quoted in the opinion, it may have influenced the result reached. The Missouri cases cited as supporting the ruling are of doubtful value. The first case involved an action before a justice of the peace. The defendant was served, and on the return day applied for a change of venue, which was granted. On the day set for trial before the new justice there was a judgment by default. A motion to set aside this judgment was overruled, and the defendant appealed to the circuit court and there filed a motion to quash the return for want of jurisdiction, which was overruled, and the defendant having failed to appear further the judgment of the justice was affirmed. The case came to the Supreme Court by writ of error. It was held that his application for a change of venue was a full appearance, and that his subsequent motion to quash the return came too late. In the second case the defendant appeared specially for the purpose of questioning the jurisdiction of his person. His plea was heard and there was a finding against him and judgment was entered accordingly, to which action the de-

fendant excepted. After the adverse ruling the defendant filed an application for a change of venue, which was granted. Thereafter the defendant filed an answer renewing his plea to the jurisdiction of the court on grounds similar to those already adjudicated, and also answered on the merits. It was held that the judgment upon the issues joined on the jurisdictional question was a bar to a further litigation of that question; that if he was dissatisfied he should have asked for a new trial and reserved exceptions and appealed; that when the case reached the court to which the venue had been changed the question of jurisdiction was *"res judicata."* This clearly decided the question, but the court went further following the argument of counsel, and said that even if the question had not been adjudicated, the motion for a change of venue was such an appearance as waived proper service of process and admitted the jurisdiction of the court over the person of the defendant. *Feedler* v. *Schroeder* (1875), 59 Mo. 364, *supra,* is cited as supporting this dictum.

It is clear that the issues raised by an answer in abatement may be submitted to a jury. We see no reason, and find no authority, for distinguishing such an issue of fact from any other issue of fact in respect to the right of a party to have disinterested triers. In *Eel River R. Co. et al.* v. *State ex rel. Kistler, etc.* (1900), 155 Ind. 433, 57 N. E. 388, the Eel River Railroad Co., one of the defendants, appeared specially and answered in abatement, denying the jurisdiction of the court over its person. There was a reply, putting the question at issue. At this stage the Eel River Railroad Co. applied for a change of venue, which was granted. The Wabash Railroad Co. also filed an answer in abatement. It was held that the answer in abatement of the Wabash Railroad Co. came too late, since it had

previously appeared to the merits. Able and distinguished counsel represented both sides, and numerous questions were vigorously presented, but no suggestion seems to have been made that upon seeking a change of venue upon the issue made upon its answer in abatement the Eel River Railroad Co. had waived the question and appeared to the merits. Nor can it be seen how such a contention can logically be made. The same principle seems to be involved in the rule that the procuring of a removal of a cause from a state to a federal court does not waive the right to question jurisdiction of the person. *Morris & Co. et al.* v. *Skandinavia Insurance Co.* (1929), 279 U. S. 405, 49 Sup. Ct. 360, 73 L. Ed. 762.

The court erred in striking out the answer in abatement, and this requires a reversal of the judgment.

It appears, however, that the substantial facts relied upon in one paragraph of the answer in abatement are not in dispute. The contentions of the parties in the light of those facts have been fully presented, and it seems obvious that a failure to pass upon them now will invite another appeal.

The facts are that the appellant, a Missouri corporation with its principal office and place of business in the State of Missouri, was authorized to do business in the State of Indiana, and that it had complied with § 39-4704, Burns' 1940 Replacement, § 9509-4, Baldwin's Supp. 1935, *supra,* by executing and delivering a power of attorney authorizing service upon the Commissioner of Insurance as its attorney-in-fact; that the plaintiff was at all times involved a resident of the State of Mississippi, and that his deceased sister, the insured in the policy sued upon, was and always had been a resident of the State of Mississippi; that the defendant had no agent in the State of Mis-

sissippi for service of process; that the action does not involve real estate or personal property and seeks merely a personal judgment; that the contract was made through an organization known as the Federal-Postal Employees Association of Denver, Colorado, by mail, the application having been mailed from Mississippi to Denver, and thence to the defendant in St. Louis, Missouri. It is the appellant's contention that the statute requiring insurance companies to designate the Commissioner of Insurance to act as their agent for the service of process is designed to aid residents of the State of Indiana or those whose transactions . with the insurance company occurred in this State, and is not designed to permit the bringing of a transitory action by a nonresident who never lived in Indiana against a foreign insurance company on a transaction occurring in some other jurisdiction. The statute referred to provides that the power of attorney permitting service upon the Insurance Commissioner "shall continue in force and be irrevocable so long as any liability of the insurance company remains outstanding in this state." In *Morris & Co. et al.* v. *Skandinavia Insurance Co., supra,* which involved substantially the same question, the court said that there is no jurisdiction within the State unless the insurance company's authorization in respect to service is broad enough to extend jurisdiction; that the importation of such controversies would not serve any interest of the State; that (pages 408, 409 of 279 U. S., pages 361, 362 of 49 Sup. Ct., page 766 of 73 L. Ed.) : "The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the State. (Authorities.) The language

of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. . . . And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the State the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained." The Supreme Court of Missouri, in *State ex rel. American Central Life Insurance Co.* v. *Landwehr, Circuit Judge* (1927), 318 Mo. 181, 300 S. W. 294, overruling former cases, held that a statute providing for service upon a foreign insurance company doing business in the state, "so long as it shall have any policies or liabilities outstanding in this state," confined the right of service under the power of attorney to actions based upon "policies or liabilities outstanding in this state."

The execution of the power of attorney in conformity to the statute constitutes a contract by which the insurance company agreed to be bound, and this contract cannot be construed to include cases beyond the purview of the agreement and the intent of the parties. It must be assumed that the statute was enacted with the purpose of serving some interest of the State or its inhabitants. There could be no possible interest in the importation of actions entered into in other jurisdictions between the insurance company and nonresidents of the State. It is reasonable to conclude that the intent and design was to bring the insurance company within the jurisdiction of the courts of the State for the purpose of actions arising out of contracts made within the State or with residents of the

State. Since this seems the obvious purpose of the statute, it "ought not to be construed to impose upon the courts of the State the duty, or to give them power, to take cases arising out of transactions so foreign to its interests." The special legislation concerning service upon insurance companies excepts them from the provisions of other statutes affecting foreign corporations doing business in the State. *Rehm et al.* v. *German Ins. & Savs. Institution of Quincy* (1890), 125 Ind. 135, 25 N. E. 173. *Dodgem Corporation* v. *D. D. Murphy Shows, Inc.* (1933), 96 Ind. App. 325, 183 N. E. 699, and *Globe Accident Insurance Co.* v. *Reid* (1898), 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291, cited by appellee, are not in point.

In view of our conclusions, it is unnecessary to consider the assignment of cross-errors.

Judgment reversed, with instructions to enter a judgment that the action abate.

NOTE.—Reported in 54 N. E. (2d) 944.