**Lillian C. BAKER, Plaintiff,**

v.

**The COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, a New York corporation, Defendant.**

**Civ. A. No. 5731–M.**

United States District Court
S. D. Florida, Miami Division.
April 5, 1955.

Street & Greenfield, Miami Beach, Fla., for plaintiff.

Dixon, DeJarnette, Bradford & Williams, Miami, Fla., for defendant.

HOLLAND, Chief Judge.

The motion to quash service was heard on March 29, 1955.   Following the opinion in Parmalee v. Commercial Travelers Mutual, 5 Cir., 206 F.2d 523, the service on the Insurance Commissioner of this State by virtue of the authority of the Florida Unauthorized Insurers Process Act, F.S.A. § 625.28 was not sufficient to subject this defendant to the

process of the Court in this case. The insured was not a resident of Florida at the time of the application and issuance of the policy in controversy, and there had been no communications or transactions by way of payment of premiums or otherwise between the insured, Baker, and the defendant during the short period of time the insured had resided in Florida prior to his death.

▇ The affidavit of compliance required by F.S.A. § 625.30(2) had not been filed until March 29, 1955, and an order of Court would be needed to cure this late filing of same, but the Court does not quash the service on this ground, but on the basis set forth in the first part of this order.

At the conclusion of the argument on March 29, 1955, defendant's counsel asked leave to consider the filing of additional affidavits, countering the plaintiff's affidavits filed at this hearing. The Court will, upon further request, grant the defendant an opportunity to file counter affidavits if desired, but the Court considers the Motion to Quash warranted on the record as it now stands. The affidavits filed by plaintiff do not controvert the facts as set forth in the first part of this order. They relate mainly to matters occurring after the death of the insured, Baker, and to the doing of business by the defendant with others.

▇ The plaintiff has requested the Court in the event of the granting of the motion, to allow the plaintiff to perfect service in this case by service on the Secretary of State under the provisions of F.S.A. § 47.16, providing for service upon nonresidents engaging in business in this State. The Court has not heard argument on this point but considers such service would not be corrective as based on any activity of the defendant in this State prior to the death of the insured, connected with this policy, and therefore not a valid service so as to subject the defendant to process in this case. This request is therefore denied without prejudice.

The motion to quash is granted.