135 So.2d 867 (1961)
CONFEDERATION OF CANADA LIFE INSURANCE COMPANY, a/k/a Confederation Life Association, Appellant,
v.
Manuel Antonio VEGA Y ARMINAN, Appellee.
No. 61-464.
District Court of Appeal of Florida. Third District.
December 20, 1961.
Rehearing Denied January 16, 1962.
*868 Shutts, Bowen, Simmons, Prevatt & Boureau and J. Cotton Howell, Miami, for appellant.
Helliwell, Melrose & DeWolf, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
PER CURIAM.
This is an interlocutory appeal by the appellant, defendant below, from an order overruling a motion to dismiss, alleging that the court lacked jurisdiction over the subject matter and jurisdiction over the defendant.
The action was commenced in the trial court by the appellee, as plaintiff, filing a complaint at law which contains the following allegations: That the plaintiff is a resident of Dade County, Florida; that the defendant is a Canadian insurance corporation, authorized to do business in Florida, with its principal place of business in Toronto, Canada; that the plaintiff had purchased an insurance policy through the defendant in the face amount of $5,000.00; that the plaintiff had paid all the premiums required by the said policy, which payments terminated on February 14, 1947; that all payments were made in legal tender and money of the United States of America; that after having made said payments, plaintiff demanded payment of the "cash surrender value" of the policy, in accordance with the terms thereof; and that the defendant had refused to make said payment. Whereupon, the plaintiff was required to employ counsel and instituted an action for damages, seeking the cash surrender value of the policy, plus reasonable attorney's fees and costs. The policy was attached to the complaint and contained the following provision:

*869 "The Value of the Case or Surrender Value: After having paid the premium corresponding to three complete years of this policy and having also duly paid all of the premiums until the date that this policy is to be duly delivered and ceded to the Company, there will be granted at the end of any year of the policy a cash surrender value for the sum indicated in the following table."
Service of process was had upon the defendant by perfecting service on the Hon. J. Edwin Larsen, Commissioner of Insurance, Tallahassee, Florida, in accordance with § 624.0221 Fla. Stat., F.S.A. The statute upon which service was perfected reads as follows:
"Service of process; appointment of commissioner as process agent.
"(1) Each insurer applying for authority to transact insurance in this state, whether domestic, foreign, or alien, shall file with the commissioners its appointment of the commissioner and his successors in office, on a form as furnished by the commissioners, as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state, and agreeing that process so served shall be valid and binding upon the insurer. The appointment shall be irrevocable, shall bind the insurer and any successor in interest as to the assets or liabilities of the insurer, and shall remain in effect as long as there is outstanding in this state any obligation or liability of the insurer resulting from its insurance transactions therein.

* * * * * *
"(3) Service of process upon the commissioner as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign or alien insurer in this state." [Emphasis added]
The defendant, appellant here, contends that its registration under this statute as an alien insurance company, in order to do business in this State, did not make it amenable to process in an action based upon policies of insurance not written in the State of Florida. The policy in this particular case shows, upon its face, that it was issued to the plaintiff while a resident of Havana, Cuba, and accepted by the insurance company at its home office in Canada. The first inquiry must be as to whether or not this action is transitory in nature. If it is, it may be brought in any jurisdiction wherein process can be perfected upon the defendant. An examination of the authorities indicates that an action upon an insurance policy wherein the only relief sought is the recovery of a money judgment is a transitory action. See Illinois Life Insurance Co. v. Prentiss, 277 Ill. 383, 115 N.E. 554; Walrus Manufacturing Co. v. New Amsterdam Gas Co., D.C. Ill. 1960, 184 F. Supp. 214; Ruby v. United Sugar Companies, S.A., 56 Ariz. 535, 109 P.2d 845. Counsel for the company contends that the express designation of the insurance commissioner, under the statute, is limited solely to authority to accept service of process in actions which arose in this State. Counsel urges a limitation on the authority granted the commissioner by the concluding language in the last sentence of § (1) of the statute, to wit: "from its insurance transactions" in the State of Florida. In order to correctly interpret the statute, it must be examined in its entirety; its applicability to domestic, foreign and alien insurance companies alike. The first sentence of § (1) of the statute prescribes a general power in the insurance commissioner to accept service of process issuing out of any court in this State against an insurance company registered under the Act, making no distinction as to whether the company is domestic, foreign or alien. The last sentence of § (1) limits the duration of this express agency, but does not limit the authority granted the agent. To hold otherwise would require the agent to examine each process and complaint served upon him to determine if the cause of action involved arose out of a transaction of business *870 in this State. This would give an advantage to foreign and alien corporations not possessed by domestic corporations. It obviously was the intention of the Legislature to place an identical burden on domestic, foreign and alien corporations, as far as being amenable to process in this state. Where the appellant has elected to qualify as a condition precedent to securing a license authorizing the transacting of business in this State and the acceptance of premiums from persons within this State, the Legislature could validly prescribe as a condition precedent to this license the appointment of the insurance commissioner as an authorized agent of the foreign or alien corporation to accept process for them, the same as for a domestic corporation. See Ulmer v. First National Bank, 61 Fla. 460, 55 So. 405; Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, 141 So. 604; 14 Fla.Jur., Foreign Corporations, §§ 4, 5; 20 C.J.S. Corporations §§ 1810, 1811 and cases cited therein. The insurance company urges that the test of whether or not they are amenable to process issuing out of the courts of this State is the "minimum contact rule", applied in those cases proceeding under true "substituted" service statutes such as § 626.0505 Fla. Stat., F.S.A., citing Simon v. Southern Railway Co., 236 U.S. 115, 116, 35 S.Ct. 255, 59 L.Ed. 492; Glazier v. Van Sant, W.D.Mo. 1940, 33 F. Supp. 113; General American Life Insurance Co. v. Carter, 222 Ind. 557, 54 N.E.2d 944; Central Motor Lines v. Brooks Transp. Company, 225 N.C. 733, 36 S.E.2d 271, 162 A.L.R. 1419; International Shoe Company v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Baker v. Commercial Travelers Mutual Acc. Ass'n, S.D.Fla. 1955, 150 F. Supp. 725. These authorities are not applicable to the case at bar. Service of process in this action was made upon an expressly designated agent of the insurance company and constitutes actual service of process. Whereas, service of process under the "substituted" service statute proceeds upon the theory that no actual agent has been appointed within the State. The statutes serve two entirely different functions.
The appellant has also filed an assignment of error and urged as a point on appeal, requiring reversal, the doctrine of forum non conveniens. An examination of the appeal papers and the appendices does not indicate that this ground was presented by any pleading to the trial judge in support of the company's motion to dismiss. Notwithstanding the failure of the record to demonstrate that this was brought to the attention of the trial judge, we have examined the record in light of the discretion vested in a trial judge under the doctrine of forum non conveniens, and do not find any abuse of discretion, even if it had been properly brought to his attention. See Greyhound Corporation v. Rosart, Fla. App. 1960, 124 So.2d 708; 8 Fla.Jur.Supp., Courts, § 57.
No error having been demonstrated in the ruling of the trial court, the order denying the motion to dismiss is hereby affirmed.
Affirmed.