141 So.2d 633 (1962)
CROWN LIFE INSURANCE COMPANY, APPELLANT,
v.
RAMON LUZARRAGA Y GARAY, APPELLEE.
No. 61-457.
District Court of Appeal of Florida, Third District.
March 12, 1962.
*634 Shutts, Bowen, Simmons, Prevatt & Boureau and J. Cotton Howell, Miami, for appellant.
Aronovitz, Silver & Scher, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
The defendant-insurance company brings this interlocutory appeal from an order denying its motion to dismiss plaintiff-policyholder's complaint. The policyholder seeks a declaratory decree in equity in order to establish his right to the cash surrender value of the policy. The insurance company contends that its motion to dismiss the complaint should have been granted because (1) the court has no jurisdiction over the subject matter, i.e., the rights of a Cuban national under a policy issued by a Canadian insurance company; (2) the court has not acquired jurisdiction over the defendant which is a foreign insurance company qualified to do business in this state but served pursuant to § 624.0221, Fla. Stat., F.S.A.; and (3) the complaint does not make a case upon which the policyholder is entitled to declaratory relief. The insurance company also assigns and argues error upon the court's refusal to strike exhibits to the complaint. The order denying the motion is affirmed.
Appellant's contention noted as (2) above is the same point decided by this court in a recent opinion, Confederation of Canada Life Insurance Company v. Arminan, Fla.App. 1961, 135 So.2d 867; where it was held that in an action upon a contract of insurance, service of process upon the insurance commissioner was sufficient to bind a foreign insurance company doing business in this state.
The first of appellant's remaining grounds, that the court lacks jurisdiction over the subject matter, was also dealt with in the Confederation of Canada Life Insurance Company case. Because additional facts not plead in the cited case are now before us, however, we will examine appellant's contention. Basically, the policyholders in the Confederation of Canada Life Insurance Company case and in the appeal now before us are in the same position. The plaintiff-policyholder is a resident of this state but is a Cuban national. The defendant-insurance company is a Canadian insurance corporation authorized to do business in Florida. The policyholder has demanded payment of a cash surrender value provided in the policy.
*635 The insurance company lists nine items as determinative of the claimed lack of jurisdiction over the subject matter:
"1. Plaintiff is a citizen of Cuba;
"2. Application for the insurance policy sued upon was made in Cuba;
"3. Policy was delivered in Cuba;
"4. Premiums were paid at Havana, Cuba;
"5. Defendant is a citizen of Canada;
"6. Policy sued upon was signed and sealed in Toronto, Canada;
"7. Most material witnesses are in Cuba;
"8. The Defendant maintains an authorized agent in Cuba, who is amenable to process;
"9. There is a Cuban statute which prohibits payments of insurance policies issued to Cuban citizens in Cuba or elsewhere in any currency other than Cuban pesos."
Items 1 through 8 were either present in the Confederation of Canada Life Insurance Company case or may be immediately determined not to be sufficient to change its holding. The portion of that holding dealing with jurisdiction over the subject matter states that an action upon an insurance policy wherein the only relief sought is the recovery of a money judgment is a transitory action.
In our consideration of the ninth item, we are directed to paragraph six of the complaint, which is as follows:
"6. A controversy exists between the parties hereto by reason of the fact that Plaintiff has demanded of Defendant the payment in United States currency of the cash surrender value of said policy, plus accrued dividends in accordance with the terms of and in the manner prescribed by said policy, and Defendant has failed and refused and continues to fail and refuse to make such payment in United States Dollars. Defendant has offered to make such payment and insists that same should be made only in Cuban Pesos on a one for one basis, in accordance with a letter attached hereto as Exhibit D. Defendant contends that a statute of Cuba enacted in 1951, as amended in 1955, prohibits payment in any currency other than Cuban Pesos. Plaintiff contends that he is entitled to payment under the terms of the policy in United States currency, particularly in view of the fact that the cash surrender value and accrued dividend credits of said policy heretofore and from time to time, subsequent to the 1955 Cuban statute aforedescribed, have been quoted to Plaintiff by Defendant in United States Dollars as reflected by the letter, which together with it's English translation attached hereto as Exhibit E and E-1, respectively, and the certificate of Defendant, which together with its English translation, are attached hereto as Exhibits F and F-1, respectively."
In this portion of the complaint, the policyholder refers to a Cuban statute, but the statute is not set forth. It is plead as a reason claimed by the insurance company for refusing to pay. If the insurance company argues that this statute is a reason for nonpayment, it must be plead in the answer and proved. The trial court could then properly pass on the legal effect of the statute upon the contract of the parties. We hold that the mention of the statute in the complaint is not a sufficient basis for this court to determine its effect and to determine thereupon that the trial court lacks jurisdiction over the subject matter. The complaint concerns a claimed controversy over which the court has apparent jurisdiction at this stage in the proceeding.
The third ground of appellant's motion to dismiss which the trial court denied urged that the complaint did not present a proper subject for a declaratory decree. *636 In the Confederation Life Insurance Company case the policyholder proceeded in law to enforce his contract, whereas here the policyholder has prayed for a declaratory decree to determine (1) "* * * the rights of Plaintiff to payment under the said policy * * *," (2) "* * * whether Plaintiff is entitled to payment in United States Dollars, and" (3) "if * * * Plaintiff is entitled to payment in United States Dollars * * * the amount to which Plaintiff is entitled * * *."
The appellant-insurance company relies most heavily upon Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338, for support of its argument that the appellee-policyholder is not entitled to declaratory relief because the complaint does not show on its face that there is doubt as to the meaning of the contract. The Columbia Casualty Co. holding is certainly in point. In that case the plaintiff-policyholder sought a declaration as to her rights against her insurance company for injuries inflicted while her automobile was being driven by another. The complaint for declaratory decree was dismissed and the Supreme Court affirmed.
The basis of the holding was the conclusion of the court that the real question which appellants there sought to have determined was a purely factual one, i.e., whether the automobile was being driven with knowledge and consent of the owner, and there was no doubt as to the proper interpretation of the contract. The plaintiff in the complaint before us expresses doubt as to the legal rights arising both out of his contract and his residence in the United States. It seems to us a reasonable doubt, not a purely factual one, and within the rule which limits complaints for declaratory decrees and judgments to instances where the moving party shows he is in doubt as to the existence or non-existence of some right, status, immunity, power, or privilege. See Grable v. Hillsborough County Port Authority, Fla.App. 1961, 132 So.2d 423.
Affirmed.