

FILED

Nov 02 2023, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

George M. Plews
Christopher E. Kozak
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Karl L. Mulvaney
Margaret M. Christensen
Dentons Bingham Greenbaum LLP
Indianapolis, Indiana

Patrick E. Hofer
Clyde & Co US LLP
Washington, D.C.

# IN THE
# COURT OF APPEALS OF INDIANA

Tom James Company, et al.,

*Appellant,*

v.

Zurich American Insurance Company,

*Appellee-Plaintiff.*

November 2, 2023

Court of Appeals Case No.
23A-PL-106

Appeal from the Marion Superior Court

The Honorable Heather A. Welch, Judge

Trial Court Cause No.
49D01-2004-PL-13613

**Opinion by Judge Bailey**
Judges Tavitas and Kenworthy concur.

**Bailey, Judge.**

# Case Summary

Tom James Company and some of its subsidiaries (collectively, "Tom James") filed a lawsuit against Zurich American Insurance Company ("Zurich"), seeking a declaratory judgment regarding the scope of coverage of a commercial property insurance policy. Tom James now appeals the trial court order granting Zurich's motion to dismiss the lawsuit for lack of personal jurisdiction.

We affirm.

# Issues

Tom James raises the following four restated issues:

> I. Whether Zurich waived its right to raise a personal jurisdiction defense.
>
> II. Whether the trial court lacked specific personal jurisdiction over Zurich under the "minimum contacts" analysis.
>
> III. Whether Zurich consented to personal jurisdiction by executing documents to transact business in Indiana per Indiana Code Section 27-1-17-4(7).
>
> IV. Whether Zurich consented to personal jurisdiction in the "Jurisdiction Clause" of the insurance policy between it and Tom James.

# Facts and Procedural History

[4] Tom James is a worldwide, fully integrated clothing manufacturer that manufactures and sells clothes at locations around the world. It is incorporated and headquartered in Tennessee. Tom James has an executive office located in Indianapolis, Indiana. Tom James' executive officers and members of its board of directors are located in offices in Tennessee, Indiana, and Maryland. The remaining plaintiffs are subsidiaries of Tom James, and none of them are located or incorporated in Indiana.

[5] Zurich is an insurance company incorporated in New York, with its principal place of business in Illinois. Zurich issues insurance policies to customers across the United States, including Indiana. Zurich has executed a power of attorney appointing an Indiana agent for service of process in Indiana.

[6] In 2019, the Tennessee office of insurance broker Arthur J. Gallagher Risk Management Services, Inc. communicated with Zurich on behalf of Tom James to obtain the "Zurich EDGE Global Policy" ("the Policy"), which is the policy at issue in this lawsuit. Tom James' Appendix (hereinafter, "TJ App.") v. II at 81. The "First Named Insured" in the Policy is "Tom James Company," whose address is stated as "263 Seaboard Lane, Brentwood, TN, 37067." *Id.* at 88. The Policy was issued to Tom James in Tennessee.

[7] The Policy generally insures "against direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property." *Id.* at 89. The Policy also provides coverage for "actual Time Element loss … result[ing] from the

necessary Suspension of the Insured's business activities at an Insured Location." *Id*. at 103 (emphasis omitted). Appendix E to the Policy is a "Schedule of Locations" that identifies the reported business income of many Tom James locations and whether business interruption coverage was purchased for each location. *Id*. at 148. The schedule includes over 120 locations around the world and many cities in the United States. It lists one location in Indiana at 8470 Allison Pointe Boulevard in Indianapolis. For that location, the appendix lists "NCP" for the reported business income and business interruption loss limit. *Id*. at 149. The Policy provides in its definition section that "NCP" means "No Coverage Provided." *Id*. at 143. Many other locations, including the Tennessee location identified in the Policy's declarations, are covered for business interruption loss. The Policy also contains a clause entitled "JURISDICTION[,]" which states, in full: "Any disputes arising hereunder will be exclusively subject to the jurisdiction of a court of competent jurisdiction within the USA." *Id*. at 131.

[8] On April 10, 2020, Tom James filed a complaint against Zurich in the Indiana trial court. The complaint alleged that Tom James is incorporated in Tennessee and that Marion County, Indiana is the preferred venue under Indiana Trial Rule 75(A)(10) because Tom James "has an executive office" in Marion County. *Id*. at 67. The complaint did not allege any location as Tom James' headquarters and/or principal place of business. The complaint stated the facility location and state of incorporation for each of the named plaintiff subsidiaries, none of which are in Indiana. The complaint alleged that Zurich's

principal place of business is Illinois and that Zurich "does business" in Indiana.[1] *Id.*

[9] The complaint further alleged that, as a result of the COVID pandemic, many Tom James locations around the world were ordered to close, and those closures had downstream ripple effects, causing disruptions and financial losses up and down Tom James's entire worldwide supply chain. The complaint did not allege loss in any specific location(s). The complaint sought a judgment declaring the scope of Zurich's obligation to pay Tom James for its losses under the Policy.

[10] On May 18, 2020, Zurich filed a notice of removal of the lawsuit from state court to federal court based on alleged diversity of citizenship. On May 22, Zurich filed in federal court its motion to dismiss the claims of all the Tom James subsidiary plaintiffs, but not the claims of Tom James Company itself, based on an alleged lack of personal jurisdiction. On that same date, Zurich also filed in federal court its answer and affirmative defenses to Tom James' complaint. In its answer, Zurich referenced its separately filed motion to dismiss and stated, "By filing this Answer, Zurich American does not waive its right to assert lack of personal jurisdiction *of this Court* as to any Plaintiff except

---

[1] The complaint also states that Zurich is incorporated in Delaware. However, Tom James does not dispute the trial court's factual finding that Zurich is incorporated in New York.

as to Tom James Company." TJ App. v. II at 168 (emphasis added). As its "Thirteenth Defense," Zurich stated:

> The claims asserted, and/or relief sought, by Plaintiff Tom James Company against Defendant are or may be barred, in whole or in part, due to additional defenses that cannot now be articulated by Defendant based on the information it has to date concerning Plaintiff Tom James Company's claims. As such, Defendant reserves its right to supplement this Answer and raise additional defenses as may become applicable upon further amplification of Plaintiff Tom James Company's claims and discovery of information presently unknown to Defendant.

*Id.* at 180.

[11] On June 9, 2020, the federal district court ordered Zurich to show cause why the action should not be remanded back to state court due to a lack of the federal court's subject matter jurisdiction based on diversity of citizenship. On June 24, Tom James filed in federal court a motion to remand the cause back to state court and its response to Zurich's motion to dismiss. In its response, Tom James asserted that it "is an Indiana citizen" because, although it is incorporated in Tennessee, it "has executive offices" in Indiana. Zurich's Appendix (hereinafter, "Z App.") at 16.

[12] On November 13, 2020, the federal district court granted Tom James' motion to remand the matter back to state court. On December 10, 2020, Zurich filed in state court its motion to dismiss the claims of all plaintiffs, including Tom

James Company, for lack of personal jurisdiction.[2]  At the same time, Zurich filed its own similar lawsuit in a Tennessee state court.[3]  A lengthy discovery dispute ensued.  Following discovery on the issue of jurisdiction, on June 1, 2022, Tom James filed its brief in opposition to Zurich's motion to dismiss.  Following a hearing at which it heard argument on the motion to dismiss, the trial court issued its December 19, 2022, order granting Zurich's motion and dismissing the lawsuit for lack of personal jurisdiction.  This appeal ensued.

## Discussion and Decision

## Standard of Review

[13]  Personal jurisdiction presents a question of law that we review de novo.  *Boyer v. Smith*, 42 N.E.3d 505, 508 (Ind. 2015).  However, "whether personal jurisdiction exists can depend upon factual determinations concerning a defendant's contacts with the forum state—in which case the challenger bears the burden of disproving personal jurisdiction."  *Id*.  When the trial court issues findings of jurisdictional facts, we review those findings for clear error.  *Id*. at 509.  That is, we consider whether the evidence supports the findings and whether the findings support the judgment.  *Id*.  We may reverse the trial court's

---

[2]  In the alternative, Zurich sought dismissal based on *forum non conveniens*.  The trial court never reached that defense because it dismissed the cause due to a lack of personal jurisdiction.

[3]  Zurich's Tennessee action sought a judgment declaring the scope of Tom James' coverage under the Policy.  That action has been stayed pending this appeal.

factual findings "only when the record contains no facts to support them either directly or indirectly." *Id.*

[14] Tom James does not challenge the trial court's extensive factual findings regarding jurisdiction; rather, it asserts that the trial court erred as a matter of law when it dismissed this action due to a lack of personal jurisdiction. Thus, our review is de novo.

## Waiver

[15] As an initial matter, we address Tom James' assertion that Zurich waived its right to assert a personal jurisdiction defense when it filed in federal court its answer that only raised the lack of personal jurisdiction as to the plaintiff subsidiaries. It is possible to waive a claim of personal jurisdiction. *See Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998). However, we find no such waiver here.

[16] A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer or in a motion to dismiss under Indiana Trial Rule 12(B)(2). *Boyer*, 42 N.E.3d at 508 n.1; Ind. Trial Rule 12(B); *see also* T.R. 12(H)(1)(b);[4] T.R. 6(C) (providing that a Rule 12(B) motion alters the time for

---

[4] T.R. 12(B)(1)(b) provides, in relevant part:

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or the same action pending in another state court of this state is waived to the extent constitutionally permissible: … (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

service of a responsive pleading). Here, in the state court, Zurich raised the challenge to Tom James's personal jurisdiction in its timely motion to dismiss.[5]

[17] However, Tom James contends that Zurich waived its personal jurisdiction challenge as to the Tom James Company (as opposed to the plaintiff subsidiaries) when it filed an answer in federal court that only challenged personal jurisdiction as to the subsidiaries. First, we note that the waiver of personal jurisdiction to which Tom James points specifically provided that it applied only to a waiver of personal jurisdiction *in federal court*. *See* TJ App. v. II at 168 ("By filing this Answer, Zurich does not waive its right to assert lack of personal jurisdiction *of this Court* as to any Plaintiff except as to Tom James Company.") (emphasis added); *see also id*. at 180 (stating an affirmative defense reserving the right to supplement the answer and "raise additional defenses as may become applicable upon further amplification of Plaintiff Tom James Company's claims and discovery of information presently unknown to Defendant"). Tom James points to no reason why a personal jurisdiction waiver may not be limited to the jurisdiction of the court in which it is filed. Therefore, under the plain terms of Zurich's personal jurisdiction waiver, it applied only to the federal court's jurisdiction regarding Tom James Company.

---

[5] We note that Zurich gave written notice of the removal to Tom James, at that point making the removal effective and ceasing all proceedings in the state court until remand. *See* 28 U.S.C. § 1446(d). Moreover, the time for filing an answer and/or Rule 12(B) motion in state court was suspended during the removal of the suit to federal court. *See Arkla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 199 (Ind. Ct. App. 2018), *trans. denied*.

[18] Second, even if Zurich's answer in federal court had not specifically limited its waiver of personal jurisdiction to that court, we would not find waiver. Tom James has failed to provide any Indiana authority holding that an answer filed in federal court is automatically deemed to have been filed in state court upon remand. *See Citizens Nat'l Bank v. First Nat'l Bank*, 331 N.E.2d 471, 476 (Ind. Ct. App. 1975) (not requiring, on remand, the refiling in state court of a motion to dismiss that had been filed in the federal court on removal, but failing to state a general rule that any pleading in federal court is automatically deemed filed in the state court on remand). Rather, the United States Supreme Court has noted that it is for the state court to determine on remand what is to be done with the pleadings filed in the federal court on removal. *Ayres v. Wiswall*, 112 U.S. 187, 190-91 (1884) ("It will be for the state court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction[, i.e., federal court].").

[19] We find the instant case to be similar to *Arkla Indus., Inc. v. Colum. St. Partners, Inc.*, where a panel of this Court held the defendant's answer filed in federal court on removal was *not* considered to be an answer in state court upon remand. 95 N.E.3d 194, 198-99 (Ind. Ct. App. 2018), *trans. denied*. That is, despite the filing of an answer in the federal court on removal, the defendant's time to file an answer or Rule 12(B) motion in the state court on remand had not expired. *Id.* Thus, the defendant in *Arkla* had not waived a venue claim in state court on remand simply because it had not raised such a claim in the

answer it had filed in federal court on removal. *Id.*[6] The same is true here. As the trial court—in its discretion—determined, Zurich's answer in federal court was not deemed to have been filed in state court, and Zurich did not waive its personal jurisdiction claim as to Tom James Company simply because it did not raise such a claim in its answer in federal court.

[20] Moreover, as the trial court found, it would be unfair to hold otherwise,[7] given Tom James' own true but critically incomplete statement in its complaint that it had "executive offices" in Indiana. TJ App. v. II at 66. As we discuss below, the location of Tom James' "principal place of business" is relevant to whether Zurich "reached out" to an Indiana citizen and thereby created "minimum contacts" within Indiana for purposes of personal jurisdiction. *See, e.g.*, *Ford Motor Co. v. Montana Eight Jud. Dist. Ct.*, -- U.S. --, 141 S.Ct. 1017, 1025 (2021). The "principal place of business" is normally the place where the corporation is headquartered and/or where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). By omitting the highly relevant facts that it is headquartered in Tennessee and that its officers/board members are located not just in its "executive offices" in

---

[6] The non-binding, out-of-state authority cited by Tom James is not to the contrary. *See State v. Hess Corp.*, 982 A.2d 388, 392 (N.H. 2009) (holding "the effect to be given pleadings filed in federal court before a case is remanded [to state court] is for state courts to determine").

[7] The trial court did not find, as Tom James asserts, that Zurich was allowed to "withdraw its waiver" as to Tom James Company. Appellants' Br. at 25. Rather, it held that Zurich never waived personal jurisdiction as to Tom James Company to begin with because the answer filed in federal court was not deemed to have been filed in state court.

Indiana but also in Tennessee and Maryland, Tom James' complaint misleadingly suggests its principal place of business is Indiana—a misleading suggestion Zurich appears to have relied upon when it failed to include Tom James Company in its motion to dismiss for lack of personal jurisdiction in federal court. Tom James provides no cogent reason why it should benefit from its own true but critically incomplete statements relevant to jurisdiction.

[21] Zurich did not waive its personal jurisdiction defense against Tom James Company through its answer filed in federal court.

## Specific Personal Jurisdiction

[22] Personal jurisdiction refers to a court's "power to impose judgment on a particular defendant." *Boyer*, 42 N.E.3d at 509. Our analysis begins with Indiana Trial Rule 4.4(A), which discusses activities that may support jurisdiction. *Id*. Our Supreme Court has interpreted the "catch all" provision of that rule[8] as reducing the "'analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the federal Due Process Clause.'" *Id*. (quoting *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006)).

> More specifically, before an Indiana court can properly assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment mandates that the defendant have

---

[8] That provision—as amended in 2003—states: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or the United States." T.R. 4.4(A).

"certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." [*LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006)] (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Minimum contacts include acts defendants themselves initiate within or without the forum state that create a substantial connection with the forum state itself. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp., 730 N.E.2d 1227, 1235 (Ind.2000), superseded on other grounds by LinkAmerica*…. Consistent with this longstanding precedent, Indiana courts will employ caution and exert potentially coercive legal authority only over a defendant who has the requisite minimum contacts to Indiana.

*Id*.

[23] This "minimum contacts" analysis for personal jurisdiction involves two concepts: general jurisdiction and specific jurisdiction. *In re Estate of Baker*, 837 N.E.2d 603, 611 (Ind. Ct. App. 2005) (citing *Anthem*, 730 N.E.2d at 1234). General jurisdiction exists if the defendant's contacts with the state are so "continuous and systematic" that the defendant should "reasonably anticipate being haled into the courts of that state for any matter, … even if causes of action are unrelated to the defendant's contacts with the forum state." *LinkAmerica*, 857 N.E.2d at 967. The United States Supreme Court has recognized that, for a corporate defendant, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotations and citations omitted). Here, Zurich is incorporated in New York and has its principal place of

business in Illinois; thus, neither party claims general personal jurisdiction exists here.

[24] Unlike general jurisdiction, specific jurisdiction requires not only a showing that the defendant has minimum contacts with the state but *also* that the plaintiff's claims "ar[o]se out of the defendant's contacts with the forum." *Ford*, 141 S.Ct. at 1025 (quotation marks and citation omitted). Thus, specific jurisdiction involves a two-step analysis. First, there must be a showing that the defendant "deliberately reached out beyond its home" and into the forum state "by, for example, exploiting a market in the forum [s]tate or entering a contractual relationship there." *Id.* (quotation marks and citation omitted).

[25] Second, even when the first step has been shown, "the plaintiff's claims … 'must [also] arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017)).

> In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*], 564 U.S. [915,] 919 [(2011)] (internal quotation marks and brackets omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Ibid.* (internal quotation marks omitted).

*Bristol-Myers*, 255 U.S. at 262. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's *un*connected

activities in the State." *Id*. at 264 (emphasis added); *see also Boyer*, 42 N.E.3d at 511 (holding the defendant must have "minimum contacts and connections within Indiana that create or contribute to the controversy at hand" and "arise from [the defendant's] own conduct within or directed into Indiana").

[26] Zurich certainly has reached into the State of Indiana to do business and "exploit" the market here; it has issued insurance policies totaling billions of dollars to many entities located in Indiana. *Ford*, 141 S.Ct. at 1025. However, Zurich's insurance policy with Tom James is not one of those. Tom James is not a corporate citizen of Indiana, it is not headquartered in Indiana, and its principal place of business is not Indiana.[9] Furthermore, the Policy that forms the basis of Tom James' lawsuit was not entered into or issued in Indiana but in Tennessee. And, critically, Tom James' claims against Zurich have absolutely nothing to do with Indiana in particular or Zurich's contacts here. Tom James' claim under the Policy for its losses related to COVID was submitted by its Chief Financial Officer in Tennessee and did not allege any loss that is specific to Indiana. Indeed, although the Policy provides coverage for many locations throughout the United States, it clearly states that it does *not* provide insurance

---

[9] Tom James does not contend otherwise on appeal. *See* Appellants' Br. at 51 (acknowledging that "Tom James Company may formally be a Tennessee 'citizen' by virtue of its incorporation papers and its brick-and-mortar headquarters").

coverage for loss of business income at Tom James' one and only Indiana location.[10]

[27] The fact that Zurich did not insure any Tom James location in Indiana is what distinguishes this case from those cited by Tom James for the proposition that "'a company with insurance obligations in a state … has submitted to the jurisdiction of the state's courts' on suits to enforce those obligations." Appellant's Br. at 53 (quoting *Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 833 (11th Cir. 1992). Unlike the instant case, those cases involved claims about insurance contracts covering residents and/or locations *in the forum state. See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (noting the contract was delivered in the forum state, the premiums were mailed from the forum state, and the insured was a resident of the forum state); *Olivier*, 979 F.2d at 833 (noting the insurance company insured operations in the forum state). Tom James has pointed to no authority stating that an insurance company is subject to specific jurisdiction for claims arising from insurance policies issued out-of-state to out-of-state residents simply because the company has issued *unrelated* insurance policies in the forum state.

---

[10] We note that considering whether an Indiana location is covered by the insurance policy at issue is not "confus[ing] liability and jurisdiction," as Tom James claims. Appellant's Br. at 54. Whether the Policy relates to any location in Indiana is relevant to the jurisdictional question of whether Tom James' insurance claims "arose" out of any action Zurich took in Indiana. *See Boyer*, 42 N.E.3d at 508 ("[W]hether personal jurisdiction exists can depend upon factual determinations concerning a defendant's contacts with the forum state.").

In fact, the United States Supreme Court has specifically rejected the "view that a state court should have jurisdiction over a nationwide corporation … on any claim, no matter how unrelated to the State or [the corporation's] activities there." *Ford*, 141 S.Ct. at 1027, n.3; *see also Goodyear*, 564 U.S. at 930, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (noting "[w]e cannot simply aggregate all of a defendant's contacts with a state—no matter how dissimilar in terms of geography, time, or substance—as evidence" that the alleged injury arises out of the defendant's forum-related activities).

In short, no party to this lawsuit is a citizen of Indiana, the Policy was not entered into in Indiana, and the claimed injury did not arise in Indiana. Zurich did not "reach out" to Indiana to enter into the Policy at issue in this case, and Tom James' claims under the Policy do not arise out of or relate to Zurich's contacts with Indiana. *Ford*, 141 S.Ct. at 1025. There is no specific personal jurisdiction in Indiana.

## Consent to Personal Jurisdiction through State Law

Tom James asserts that, even if there would not otherwise be specific jurisdiction, Zurich consented to such jurisdiction when it complied with Indiana Code Section 27-1-17-4(7). Tom James essentially asserts that compliance with that statute operates as a consent to jurisdiction even as to insurance contracts that are not made within Indiana or with residents of

Indiana. We disagree, as our Supreme Court has specifically held otherwise regarding a prior statute that used exactly the same statutory language as is used currently in Indiana Code Section 27-1-17-4(7). *See Gen. Am. Life Ins. Co. v. Carter*, 222 Ind. 557, 54 N.E.2d 944 (1944).

[31] Indiana Code Section 27-1-17-4 applies to foreign insurance companies wishing to do business in the State of Indiana. To do so, the company must execute the specified listed documents, one of which is "[a] duly executed power of attorney … which constitutes and appoints an [Indiana resident] … as the insurance company's agent … upon whom … all lawful process in any action in law or equity against it shall be served." Ind. Code § 27-1-17-4(7). That statute further provides, in relevant part, that "such power of attorney shall continue in force and be irrevocable *so long as any liability of the insurance company remains outstanding in this state*." *Id*. (emphasis added). Tom James maintains that the emphasized language means any insurer who executes the required documents to do business in Indiana thereby consents to the jurisdiction of Indiana courts. In support of its claim, Tom James engages in a lengthy analysis of the legislative history of Indiana Code Section 27-1-17-4(7). However, there is no need to resort to an analysis of legislative history as the language of the statute itself is unambiguous.

[32] As our Supreme Court has stated,

> [o]ur primary goal in interpreting statutes is to determine and give effect to the Legislature's intent. The best evidence of that intent is a statute's text. The first step is therefore to decide

> whether the Legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the language. There is no need to resort to any other rules of statutory construction. As a result, we need not delve into legislative history if no ambiguity exists.

*Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012) (citations omitted).

Here, our Supreme Court has already discussed the plain meaning of the relevant statutory language. In *Carter*, the Court was called upon to interpret the language of a precursor to Indiana Code Section 27-1-17-4(7) that involved exactly the same language at issue in the instant case; i.e., that the power of attorney executed by the insurance company "shall continue in force and be irrevocable so long as any liability of the insurance company remains outstanding in this state." 54 N.E.2d at 565. The Court held that the "intent and design" and "obvious purpose" of the statute "was to bring the insurance company within the jurisdiction of the courts of the state for the purpose of *actions arising out of contracts made within the state or with residents of the state*." *Id*. at 566-67 (emphasis added). In reaching that holding, *Carter* relied upon *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 408-09 (1929), which "involved substantially the same question" and where the Court held that "[t]he language of the appointment [of the power of attorney] and of the statute under which it was made plainly implies that the scope of the agency is intended to be … limited" to "controversies growing out of transactions within the state." *Id*. at 565-66; *Cf. Mallory v. Norfolk S. Ry. Co.*, 600 U.S. --, 143 S.Ct. 2028, 2037 (2023)

(holding a foreign corporation consented to jurisdiction when it complied with a Pennsylvania law that expressly stated that registration and qualification as a foreign corporation shall permit state courts to "exercise general personal jurisdiction" over the corporation).

[34] As our Supreme Court held, the statutory language clearly applies only to "actions arising out of contracts made within the state or with residents of the state." *Carter*, 54 N.E.2d at 566-67. Because the purpose of the specific statutory language at issue is unambiguous, we need not consider the statutory legislative history. And, since the insurance contract at issue in this case was not made within the state or with residents of the state, Zurich did not consent to jurisdiction in this case by registering an agent in compliance with Indiana Code Section 27-1-17-4(7).[11]

## Consent to Personal Jurisdiction through Contract

[35] Finally, Tom James asserts that Zurich consented to personal jurisdiction in the Policy's "Jurisdiction Clause." That provision states, in full: "Any disputes arising hereunder will be exclusively subject to the jurisdiction of a court of competent jurisdiction within the USA." TJ App. v. II at 131. Tom James

---

[11] In its reply brief, Tom James also addresses whether Zurich's alleged consent to suit violates the dormant commerce clause. However, as we hold Zurich did not consent to suit by complying with the applicable state law, we need not address that issue. Moreover, the dormant commerce clause issue was not raised in the trial court below, and Zurich only addressed it briefly in a one-sentence footnote in its appellate brief. Therefore, even if it were not moot, we would not address the issue of the dormant commerce clause. *See Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) ("[A]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court.").

maintains that the words "court of competent jurisdiction" mean any United States court that has subject-matter jurisdiction. Zurich contends that the phrase means a court that also has personal jurisdiction.

[36] The resolution of the question is governed by our opinion in *George S. May Intern. Co. v. King*, where we addressed the meaning of this exact phrase. 629 N.E.2d 257 (Ind. Ct. App. 1994), *trans. denied*. *King* involved an employment contract dispute where, as in the instant case, the contract contained a provision that lawsuits regarding certain claims could be brought "in any court of competent jurisdiction." *Id.* at 259. As is the case here, the parties disputed the meaning of "court of competent jurisdiction." In settling this dispute, we noted:

> [I]t has long been held that in construing a written instrument, we give technical words and terms of art their technical meaning. We presume that the parties know the technical meaning of the language they use in a formal instrument and have adopted that meaning. Thus, in construing a formal contract we must give the words contained therein their ordinary legal significance unless it is clear from the contract as a whole that it was highly improbable that the parties attached to the words their legal significance.

> The phrase "[any] court of competent jurisdiction" *is a term of art which has acquired so definite a meaning in the law that we cannot give a contrary interpretation to the phrase especially in a formal instrument.* Nothing in the contract here indicates anything other than that the parties intended to adopt the ordinary legal significance of the phrase "any court of competent jurisdiction," and, therefore, we will apply the technical meaning of the phrase. *A court of "competent jurisdiction" is any court which has jurisdiction over the*

> *defendant (personal jurisdiction), jurisdiction over the particular case, and jurisdiction over the subject matter of the dispute, and is thus competent to render a binding judgment in the case*.

*Id*. at 262 (emphasis added) (citations omitted); *but cf. Ace Ins. Co. v. Zurich Am. Ins. Co.*, 59 S.W.3d 424, 429 (Tex. Ct. App. 2001) (reaching a different interpretation of the phrase "court of competent jurisdiction" as used in a "Service of Suit" clause of an insurance policy); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710, 718 (D.C. Cir. 1986) (same).

[37] There is nothing in the Policy clearly indicating a "high probability" that the parties intended the words "court of competent jurisdiction" to have any meaning other than its ordinary legal significance, i.e., any court (in the United States) with both subject-matter and personal jurisdiction.[12] *See id*. As the Indiana trial court did not have personal jurisdiction, Zurich did not consent to be sued in that court.[13]

---

[12] Nor does the interpretation applying that ordinary legal significance to the term "court of competent jurisdiction" render the Jurisdictional Clause meaningless, as Tom James argues. Rather, that Clause, by its plain terms, was intended to limit lawsuits to courts in the United States, as opposed to the courts of other countries where a cause of action might arise in Tom James' world-wide business.

[13] Tom James asserts that the Jurisdiction Clause of the Policy must be construed against Zurich, the insurer who drafted the Policy. Appellant's Br. at 29-30 (citing *Am. States Ins. Co. v. Kiger*, 662 N.E.2d 945, 947 (Ind. 1996)). However, as *Kiger* itself acknowledges, we construe an insurance policy against the insurer only where the terms are ambiguous. 662 N.E.2d at 947. "[I]nsurance policy provisions are ambiguous only if they are susceptible to more than one **reasonable** interpretation." *G&G Oil Co. of Ind., Inc. v. Cont'l W. Ins. Co.*, 165 N.E.3d 82, 87 (Ind. 2021) (emphasis original) (quotations and citation omitted). And, as already discussed, this Court held in *King* that the phrase "'[any]court of competent jurisdiction' is a term of art which has acquired so definite a meaning in the law" that it is not susceptible to more than one reasonable interpretation "unless it is clear from the contract as a whole that it was highly improbable" the parties intended that interpretation. *King*, 629 N.E.2d at 262.

# Conclusion

[38] Zurich did not waive its personal jurisdiction defense in the answer it filed after removal to federal Court and before remand to state court. This matter was properly dismissed for lack of personal jurisdiction, as the claims do not arise out of or relate to Zurich's minimum contacts with Indiana, and Zurich did not consent to personal jurisdiction by either complying with Indiana law or entering into the Policy with Tom James.

[39] Affirmed.

Tavitas, J., and Kenworthy, J., concur.